## JACK CARLILE AND JOHN DAVIS v. THE STATE.

No. 7923.   Decided November 28, 1923.

Rehearing granted May 28, 1924.

1.—Robbery—Sentence—Practice on Appeal—Jurisdiction.

Final sentence, must be pronounced to entitle this court to jurisdiction, but where by supplemental transcript it is shown that in fact sentence had been passed, the appeal will be heard upon its merits.

2.—Same—Former Acquittal—Practice on Appeal.

Where appellants interposed the plea of former acquittal, and the indictment upon which the former trial was had, described the property taken as two hundred pesos in Mexican money, but did not allege its value. which was not important, and set up former indictment, verdict, and judgment of acquittal and all the necessary averments to identify the transaction as the same criminal act, and supported these averments, the contention by the State that there is a material variance relative to the description of the property, and that, therefore, the plea was insufficient, is untenable. Following:   Irvin v. State, 7 Texas Crim. App., 78, and the same should have been submitted to the jury.

Appeal from the District Court of Cameron.   Tried below before the Honorable Walter F. Timon.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Yates,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney and *Milton H. West,* District Attorney, for the State.

HAWKINS, Judge.—Appellants were convicted of robbery, and the verdict and judgment condemned them to five years confinement in the penitentiary.

Our State's Attorney calls attention to the fact that the record fails to show that any sentence was ever pronounced against either of them, and for this reason files a motion to dismiss the appeal. In a felony case less than capital sentence is a prerequisite of appeal. See Article 856, Vernon's C. C. P. and the authorities collated thereunder; also Robinson v. State, 54 Texas Crim. Rep., 559).

The motion of the State is sustained and the appeal dismissed.

*Dismissed.*

### APPEAL REINSTATED.

### May 28, 1924.

HAWKINS, Judge.—At a former day of the term this cause was dismissed because the record then before us failed to show that sentence had been pronounced. By a supplemental transcript it is shown that in fact sentence had been passed upon appellants and said order properly entered on the court minutes but was inadvertently omitted from the transcript. The appeal is reinstated and the case will now be considered on its merits.

The indictment upon which conviction is predicated was returned October 6th, 1922. It charged that appellants on June 22, 1922 robbed one Jesse Dennett of "twenty pieces of gold coin of the coinage of the United States of Mexico, each of said gold coins being for diez pesos (the words 'diez pesos' being Spanish or Mexican. The word 'diez' being the Spanish or Mexican for and translated into English meaning 'ten.' The word 'pesos' being the plural of 'peso' which is the monetary unit for money in the United States of Mexico), each of which said Gold Coins being of the value of Four and 60/100 Dollars, or more, and said twenty pieces of gold coin so taken as aforesaid, being of the aggregate value of ninety-two dollars, or more."

When the case was called for trial appellants interposed a plea of former acquittal, setting up that an indictment charging them with the robbery of said Dennett had been theretofore returned into Court on September 11, 1922, upon which they had been tried and acquitted; that the act charged in the two indictments was the same identical act and transaction. The indictment upon which the former trial was had described the property taken from Dennett as "Two hundred Pesos in Mexican Money," but did not allege its value. This was unimportant however as in an indictment for robbery it is unnecessary to allege value, it not affecting the penalty. Winston v. State, 9 Texas Crim. App., 143; Williams v. State, 10 Tex. Crim.

App., 15; Kelley v. State, 34 Texas Crim. Rep., 413, 31 S. W., 174; Williams v. State, 34 Texas Crim. Rep., 531, 31 S. W., 405. The .plea of former acquittal contains a copy of the former indictment, verdict and judgment of acquittal and all the necessary averments to identify the transaction as the same criminal act, and the evidence introduced by defendants support the averments.

The learned trial judge declined to submit the plea but withdrew it from the jury's consideration. This was objected to by specific exception to the court's charge for the omission, also by a motion requesting the court to submit it, and then by a special charge upon the subject, all of which were refused. Section 14 of the Bill of Rights as found in Article 1 of the Constitution provides:

"No person for the same offense shall be twice put in jeopardy of life or liberty.; nor shall a person be again put upon trial for the same offense in a court of competent jurisdiction."

Article 20 of our Code of Criminal Procedure reads:

"By the provisions of the Constitution an acquittal of the defendant exempts him from a second trial, or a second prosecution for the same offense, however illegal the proceeding may have been; but, if the defendant shall have been acquitted upon trial in a court having no jurisdiction of the offense, he may, nevertheless, be prosecuted again in a court having jurisdiction."

Many cases may be found in our reports construing these provisions of our Constitution and Code of Procedure. The evidence taken in the former trial when appellants were acquitted is, of course, not before us, but the State introduced a motion made at that time by appellants' attorney asking for an instructed verdict of acquittal because the indictment was for robbing Dennett of "two hundred pesos in Mexican money," and claiming that this meant silver coin only, and that the State had wholly failed to make the proof necessary to sustain the allegations. The learned judge who presided at the first trial seems to have adopted this view of the matter, sustained the motion, and directed a verdict of acquittal. It will be observed that in the first indictment there is no allegation whatever that the money taken was "silver coin" but only alleges that the property stolen was "two hundred pesos in Mexican money."

The State seeks to defeat the plea of former acquittal upon the theory that there is such a variance in the allegations in the two indictments relative to the description of the property that the plea can not be sustained. We are not in accord with this view. The true test as we understand it was stated in Irvin v. State, 7 Texas Crim. App., 78, by Judge White in the following language:

"In autrefois acquit, it is necessary that the prisoner could have been convicted on the first indictment of the offense charged in the second. . . . The rule seems to be well settled that a former

trial is not a bar unless the first indictment was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment." The State concedes the test as thus stated to be correct, but challenges its application.

In the first indictment the property was described as two hundred pesos in Mexican money; in the second as twenty gold coins Mexican money, each coin being for ten pesos, which if proved would meet the allegation in the first indictment of two hundred pesos. Is there a variance caused by the additional allegation in the second indictment that the coins taken were of "gold?" Not according to the evidence in this trial. The only testimony upon that point comes from the State's own witness, Mr. Dennett, who described the property taken as twenty gold coins of ten pesos each, but further said he had been engaged in the banking business in Mexico, and knew that "peso" meant either gold or silver coin. Hence, the conclusion seems inescapable that upon proof under the second indictment that twenty gold coins, of ten pesos each were taken would also support the allegations, and would have been properly provable under the first indictment alleging the taking of two hundred pesos.

Doubtless the acquittal upon the first trial was upon the supposition that "pesos" meant silver coin only, and the proof showing gold coins there was a variance, but the evidence in the record now before us shows the court to have been in error in directing an acquittal upon such supposition in the first trial. The principle involved is precisely the same as was presented to this court in Morrison v. State, 38 Texas Crim. Rep., 392, 43 S. W., 113. The plea of former acquittal was in all respects sufficient, and was clearly supported by the proof. The learned trial judge was in error in withdrawing it from the jury's consideration.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*