**Ex parte Joe R. ALVAREZ, Appellant.**

**No. 64821.**

Court of Criminal Appeals of Texas, En Banc.

July 9, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Alvarez was convicted of aggravated assault with a deadly weapon. Holding that insufficient evidence of the aggravating element was presented in that the linoleum knife used in the assault was not shown to be a deadly weapon, we reversed. *Alvarez v. State*, 566 S.W.2d 612 (Tex.Cr.App. 1978). Alvarez then pled guilty to the same charge, and punishment was assessed at eight years.

Alvarez now contends that his conviction for aggravated assault violated the prohibition against double jeopardy of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment. In *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), the Supreme Court held that the double jeopardy clause precludes a second trial for this offense once a reviewing court has finally determined that the evidence adduced is insufficient to sustain the guilty verdict, and that the rule applies equally to the states as well as the federal government.

In *Ex parte Mixon*, 583 S.W.2d 378 (Tex. Cr.App. 1979), we held that the rule of *Burks* and *Greene* is to be applied retroactively. Accordingly, the relief sought is granted.[1]

---

1. See *Harris v. State*, 600 S.W.2d 791 (Tex.Cr. App., 1980), which held that a prosecution may be had for a lesser included offense where a conviction has been reversed because of insufficient evidence.