Aaron Lambert SLOAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 1161–87.

Court of Criminal Appeals of Texas, En Banc.

May 25, 1988.

David H. Berg, Joel M. Androphy, Karrie Key, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr. and Lee Coffee, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted by a jury of the offense of possession of a controlled substance, to-wit: methamphetamine, weighing at least 400 grams aggregate weight, including adulterants and dilutants. Article 4476–15, Section 4.04(d)(2), V.A.C.S. The trial court assessed punishment at confinement for 45 years. The First Court of Appeals affirmed the conviction in a published opinion. *Sloan v. State*, 738 S.W.2d 290 (Tex.App.—Houston [1st] 1987, pet. granted).

Appellant's petition for discretionary review was granted to determine whether the evidence was sufficient to support appellant's conviction for possessing at least 400 grams of methamphetamine, including adulterants and dilutants. Appellant and his co-defendant, Engelking, were tried together for the same offense. We addressed the identical contention in the co-defendant's case. *Engelking v. State*, 750 S.W.2d 213 (Tex.Cr.App.1988). In that case, as in appellant's case, the issue was whether the liquid in the seized solutions that was not methamphetamine was properly includable as an adulterant or a dilutant so as to be added to the pure methamphetamine so as to exceed 400 grams. See *Engelking*, supra, for a more detailed rendition of the facts.

In *Engelking*, supra, we reaffirmed our recent determination in *McGlothin v. State*, 749 S.W.2d 856 (Tex.Cr.App.1988) that the terms "adulterant" and "dilutants" are compounds, substances or solutions added to the controlled substance with the intent to increase the bulk or quantity of the final product. The State's expert at trial believed that an adulterant was any impurity in a substance and a dilutant was any substance that makes another substance weaker. We found this definition to be too broad.

In the instant case, just as in *Engelking*, supra, the record is devoid of any evidence that the balance of the seized solutions, absent the actual methamphetamine present, contained any substance intended to increase the bulk or quantity of the final product, methamphetamine. Therefore, the evidence is insufficient to support a conviction for possession of at least 400 grams.

The judgments of the Court of Appeals and the trial court are reversed and the cause remanded to the trial court with instructions to enter a judgment of acquittal to the offense of possession of methamphetamine weighing at least 400 grams.