Ex parte Haron STEPHENS, Applicant.

No. 05–88–00162–CR.

Court of Appeals of Texas, Dallas.

May 26, 1988.
Rehearing Denied July 11, 1988.

Lawrence B. Mitchell, Dallas, for applicant.

Pamela Sullivan Berdanier, Dallas, for respondent.

Before ENOCH, C.J., and BAKER and KINKEADE, JJ.

BAKER, Justice.

■ This appeal squarely presents the issue of whether the Double Jeopardy Clause bars applicant's prosecution for the lesser-included offense of rape [1] because of his prior appellate acquittal for aggravated rape [2] arising from the same incident. In this case of first impression we hold that it does, and we reverse the trial court's judgment and dismiss the indictment.

---

1. Former Section 21.02(a) of the Texas Penal Code. *See* Act of April 30, 1981, ch. 96, § 1, 1981 Tex.Gen.Laws 203, 203, *repealed by* Act of June 19, 1983, ch. 977, § 12, 1983 Tex.Gen.Laws 5311, 5321.

2. Former Section 21.03(a)(2) of the Texas Penal Code. *See* Act of June 14, 1973, ch. 399, § 1, 1973 Tex.Gen.Laws 883, 916, *repealed by* Act of June 19, 1983, ch. 977, § 12, 1983 Tex.Gen.Laws 5311, 5321.

Applicant was convicted in 1983 of aggravated rape and sentenced to twelve years in prison. The jury at that trial did not receive an instruction on the lesser-included offense of rape. On appeal, the evidence was held insufficient to sustain applicant's conviction because the State failed to prove the aggravating element of the crime, namely, compelling submission to the rape by threat of serious bodily injury or death. Accordingly, applicant's aggravated rape conviction was reversed and a judgment of acquittal entered. *See Stephens v. State,* 683 S.W.2d 23 (Tex.App. —Dallas 1984), *aff'd,* 717 S.W.2d 338 (Tex. Crim.App.1986).

A grand jury subsequently presented an indictment accusing applicant of raping the same victim named in the earlier aggravated rape indictment. This indictment alleges facts identical to the first, but omits the aggravating element that was not adequately proven at applicant's previous trial. Applicant filed a pretrial application for habeas corpus relief in which he asserted that this prosecution violates the double jeopardy provisions of the federal and state constitutions. *See* U.S. Const. amend. V; Tex. Const. art. I, § 14. He now appeals from the trial court's refusal to dismiss the rape indictment on those grounds.

The State initially maintains that this Court lacks jurisdiction to determine the merits of applicant's appeal. Alternatively, the State urges that applicant has waived his Fifth Amendment right against sequential prosecution. Both of these arguments are based on article 28.01 of the Texas Code of Criminal Procedure, which requires special pleas of former jeopardy to be filed seven days before the pretrial hearing or the matter "will not thereafter be allowed to be raised or filed." The State contends that applicant's failure to file a special plea until the day of his pretrial hearing prevents our consideration of his double jeop-

ardy argument, or at least waives that right.

■■■■ A defendant's failure to raise former jeopardy at a pretrial hearing does not bar appellate review of the issue. *See Jones v. State,* 586 S.W.2d 542, 544 (Tex. Crim.App.1979). The constitutional protection against double jeopardy may not be denied merely because the accused failed to file a special plea pursuant to state law.[3] *Ex parte Scelles,* 511 S.W.2d 300, 301–02 (Tex.Crim.App.1974); *Duckett v. State,* 454 S.W.2d 755, 758 (Tex.Crim.App.1970).

■■■■ Moreover, applicant's appeal is not based upon his special plea. Applicant has instead properly invoked the jurisdiction of this Court by appealing a pretrial petition for a writ of habeas corpus complaining of a double jeopardy violation. *See Ex parte Rathmell,* 717 S.W.2d 33, 34 (Tex.Crim.App.1986); *Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim.App.1982). We hold that applicant, by using this procedure, has adequately preserved and presented his complaint regardless of the time limitations imposed by article 28.01. We reject the State's arguments regarding jurisdiction and waiver, and now address the merits of applicant's double jeopardy contention.

At the time of the submission of this case for oral argument, the State relied on *Moss v. State,* 574 S.W.2d 542 (Tex.Crim. App.1978) (opinion on rehearing) and its progeny[4] for the proposition that the State may indict and prosecute a defendant for a lesser-included offense where evidence has been held insufficient to support the aggravating element of the greater offense. Applicant relied on the recent case of *Garrett v. State,* 749 S.W.2d 784 (Tex.Crim.App. 1986), which held that the Double Jeopardy Clause bars reprosecution for any lesser-included offense which is the same as the greater, acquitted offense under the test in *Blockburger v. United States,* 284 U.S.

**3.** The procedure for presenting a defendant's special plea is described in Chapter 27, Tex.Code Crim.Proc.Ann. (Vernon 1966 & Supp.1988).

**4.** *See, e.g., Rogers v. State,* 575 S.W.2d 555 (Tex. Crim.App.1979); *Ex parte Harris,* 600 S.W.2d

791 (Tex.Crim.App.1980); *Ex parte Alvarez,* 601 S.W.2d 359 (Tex.Crim.App.1980) (en banc); *Granger v. State,* 605 S.W.2d 602 (Tex.Crim.App. 1980); *Taylor v. State,* 637 S.W.2d 929 (Tex. Crim.App.1982).

299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). The court in *Garrett* further held to the extent that they conflict with its holding in *Garrett, Moss v. State* and its progeny are overruled. Although the *Garrett* case cited by applicant was directly in favor of his position in this matter and adverse to the State, the parties conceded that *Garrett* was pending on motion for rehearing and therefore subject to being withdrawn, modified, or changed.

Following submission of this case, the Court of Criminal Appeals handed down its opinion on the State's motion for rehearing in *Garrett. Garrett v. State*, 749 S.W.2d 784 (Tex.Crim.App.1988). The court announced that it continued to adhere to *Blockburger v. United States* as the proper standard for deciding whether a defendant may be tried for a particular lesser-included offense following acquittal on the greater offense. The court did not apply the *Blockburger* test in *Garrett* because it found the application thereof premature and then held upon reconsideration that the discussion of double jeopardy law in response to Garrett's petition for discretionary review was unnecessary. It held that the court of appeals' holding did not resolve an actual controversy capable of final adjudication in that it anticipated a controversy and presumed hypothetical facts. The Court of Criminal Appeals further stated it was not necessary to address the merits of the lower court's holding regarding the future prosecution of Garrett for lesser-included offenses holding that the lower court had no power to decide that issue since the issue of double jeopardy could only arise if appellant were subsequently charged with some lesser-included offense. The court expressly noted that it had made the same mistake in past cases by addressing the double jeopardy implications of an acquittal prior to the existence of an actual controversy capable of final adjudication and cited *Moss v. State* and its progeny. *Garrett v. State*, 749 S.W.2d 784, 788, n. 4 (Tex.Crim.App., 1988), (opinion on rehearing). Accordingly, the authorities relied on by both the applicant and the

State offer no solace to either. As *Garrett* is no longer authority for applicant's position, we must now perform an independent analysis to determine whether applicant has been acquitted of the same offense for which the State seeks to now prosecute him.

■ The constitutional prohibition against double jeopardy affords the accused protection from a second prosecution for the same offense after an acquittal or conviction, and also from multiple punishments for the same crime. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228, 235 (1980). Once acquitted, the defendant may not again be subjected to trial for the same offense without violating the Double Jeopardy Clause. *United States v. Scott*, 437 U.S. 82, 96, 98 S.Ct. 2187, 2196, 57 L.Ed.2d 65, 77 (1978).

■ For purposes of reviewing a claim of former jeopardy, an acquittal is defined as "a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Company*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354–55, 51 L.Ed.2d 642, 651 (1977). By deciding that evidence fails to sustain a jury's verdict, an appellate court necessarily resolves factual issues and acquits the defendant as should have occurred in the trial court. *See Burks v. United States*, 437 U.S. 1, 10–11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1, 9 (1978). Consequently, the Double Jeopardy Clause precludes a second trial after a reviewing court has determined that the evidence introduced at the first was insufficient. *Id.* at 18, 98 S.Ct. at 2150–51, 57 L.Ed.2d at 14; *Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15, 21 (1978).

■ Where a single act constitutes a violation of two distinct statutory provisions, there is generally only one offense for double jeopardy purposes unless each statute requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932); [5] *Ex parte McWilliams*, 634 S.W.2d 815, 824

---

**5.** Apart from this test, there is also a collateral estoppel or "same evidence" standard applicable

(Tex.Crim.App.), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). The State concedes that the rape indictment charges applicant with a lesser-included offense of the original aggravated rape prosecution. As is invariably true of a greater and lesser-included offense, the lesser requires no additional proof; thus by definition, the two statutory provisions are the same offense and the Double Jeopardy Clause prohibits successive prosecution. *See Brown v. Ohio,* 432 U.S. 161, 166–68, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187, 194–96 (1977).

▉▉▉▉▉ An acquittal precludes indictment for a lesser-included offense for which the defendant could have been convicted during the original trial. *Ex parte Nielsen,* 131 U.S. 176, 189, 9 S.Ct. 672, 676, 33 L.Ed. 118, 122 (1889); *Privett v. State,* 635 S.W.2d 746, 752 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). Acquittal of the greater charge thus prevents subsequent prosecution for a lesser-included offense, even though the latter was not specifically alleged in the first indictment. *Davis v. Herring,* 800 F.2d 513, 518 (5th Cir.1986); *see also Forsberg v. United States,* 351 F.2d 242, 248 (9th Cir.1965), *cert. denied,* 383 U.S. 950, 86 S.Ct. 1209, 16 L.Ed.2d 212 (1966).

The State relies on *Montana v. Hall,* 481 U.S. ——, ——, n. 1, 107 S.Ct. 1825, 1827 n. 1, 95 L.Ed.2d 354, 359 n. 1 (1987), in both its pre- and post-submission briefs. The facts and the law applied therein are distinguishable from the facts and the law applicable to the case before us. The U.S. Supreme Court in *Montana v. Hall* held that the reversal of Hall's conviction was on grounds unrelated to guilt or innocence, and therefore his retrial on a lesser-included offense did not offend the Double Jeopardy Clause.

Since the case before us does present an actual controversy capable of final adjudication, we hold that the rape indictment in question exposes applicant to double jeopardy. Appellate reversal of applicant's aggravated rape conviction for insufficient evidence constituted an acquittal, and the subsequent rape indictment alleged the same offense within the meaning of the Fifth Amendment. The State is now prohibited from initiating a second criminal prosecution to obtain a verdict on the lesser-included offense. Applicant is entitled to the habeas corpus relief denied by the trial court. Accordingly, we reverse the trial court's judgment and dismiss the rape indictment.

KINKEADE, J., dissents.

KINKEADE, Justice, dissenting.

I respectfully dissent. In Garrett II the court of criminal appeals states that all language in Garrett I with regard to double jeopardy is "advisory" and that the court has no authority to issue advisory opinions. The court of criminal appeals expressed no opinion on whether appellant could be tried for a lesser included offense. Double jeopardy as interpreted in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), does not forbid a second trial of a defendant for a lesser included offense, provided there is no finding by the trier of fact of insufficient evidence to support a conviction for the lesser included offense. Therefore, I would affirm the trial court's denial of the application for writ of habeas corpus.

in determining exposure to double jeopardy. *E.g. Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Ex parte Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). Since the pending rape case falls squarely within the *Blockburger* rule, however, we need not rely on this other aspect of double jeopardy discussed in the State's brief. *See January v. State,* 695 S.W.2d 215, 222 (Tex.App.—Corpus Christi 1985), *aff'd per curiam,* 732 S.W.2d 632 (Tex.Crim.App.1987).

We additionally recognize that *Blockburger* is not controlling when the legislature's intent to create separately punishable criminal offenses appears from the face of the statute or legislative history. *Garrett v. United States,* 471 U.S. 773, 779, 105 S.Ct. 2407, 2412, 85 L.Ed.2d 746, 771 (1985). The instant case does not present that situation.