The STATE of Texas, Appellant,

v.

**Donald Wayne ENGELKING and Aaron Lambert Sloan, Appellees.**

Nos. 01–88–1143–CR, 01–88–1144–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 11, 1989.
Discretionary Review Granted (Lambert)
Aug. 30, 1989.

John B. Holmes, Dist. Atty., Winston E. Cochran, Jr., Asst Dist. Atty., Houston, for appellant.

Stanley G. Schneider, W. Troy McKinney, Law Office of Stanley G. Schneider, Houston, for appellees.

Before HUGHES, WARREN and DUNN, JJ.

## OPINION

HUGHES, Justice.

Pursuant to Tex.Code Crim.P.Ann. art. 44.01(a)(1) (Vernon Supp.1989), the State appeals the trial court's dismissal of the indictments charging appellees Donald Wayne Engelking and Aaron Lambert Sloan with possession of less than 28 grams of methamphetamine. Tex.Rev.Civ. Stat.Ann. art. 4476–15, secs. 4.04(b), 4.02(b)(6) (Vernon Supp.1989).

A grand jury originally indicted appellees for possession of methamphetamine weighing at least 400 grams. Tex.Rev.Civ.Stat. Ann. art. 4476–15, sec. 4.04(c), (d)(2) (Vernon Supp.1989). Appellees were tried together, and the jury found them guilty and assessed punishment at 45 years confinement. They appealed their convictions to this Court, which affirmed the judgments. *Sloan v. State,* 738 S.W.2d 290 (Tex.App.— Houston [1st Dist.] 1987, pet. granted); *Engelking v. State,* 727 S.W.2d 694 (Tex. App.—Houston [1st Dist.] 1987, pet granted).

The Court of Criminal Appeals granted the appellees' petitions for discretionary review. The court found the evidence insufficient to prove that appellees possessed at least 400 grams of methamphetamine; noted that the evidence was sufficient to show possession of three to four grams; and reversed the judgments and remanded the cases to the trial court "with instructions

to enter … judgment[s] of acquittal to the offense of possession of methamphetamine weighing at least 400 grams." *Sloan v. State,* 750 S.W.2d 788 (Tex.Crim.App.1988); *Engelking v. State,* 750 S.W.2d 213 (Tex. Crim.App.1988).

Subsequently, a grand jury indicted appellees for possession of methamphetamine weighing less than 28 grams. The indictments were identical to the previous ones with the exception of the amount of methamphetamine alleged. Appellees filed motions to dismiss the indictments claiming that the prohibitions against double jeopardy under federal and state law barred their prosecution. U.S. Const. amends. V, XIV; Tex. Const. art. I, sec. 14. The trial court conducted a hearing wherein the parties introduced evidence consisting of the appellate transcripts and statement of facts from the previous cases and the opinions and mandates from the Court of Criminal Appeals reversing the convictions and ordering appellees' acquittal. The trial court granted appellees' motions and dismissed the indictments. The State appeals.

■ The State contends, in its first point of error, that "[t]he double jeopardy issue should not be considered as a pretrial matter, either via motion or via a writ application." Specifically, the State contends that the double jeopardy bar may be raised only by a special *plea* under Tex.Code Crim.P. Ann. arts. 27.05-.07 (Vernon Pamph.1989). The State raised this objection in its written response to appellees' motions to dismiss. Article 27.05 provides:

A defendant's only special plea is that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or should have been consolidated into one trial, and that the former prosecution:

(1) resulted in acquittal;

(2) resulted in conviction;

(3) was improperly terminated; or

(4) was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsistent with a fact that

must be established to secure conviction in the subsequent prosecution.

Article 27.07 provides: "All issues of fact presented by a special plea shall be tried by the trier of the facts on the trial on the merits." The State argues that the granting of the written motions precluded the jury from resolving any fact issues relating to the claim of double jeopardy. Yet, in its response, the State identified no unresolved fact issue, and it has not identified one in its appellate brief. Thus, the State has shown no need for the involvement of a jury in the resolution of appellees' double jeopardy claims, and, accordingly, has failed to show how it was harmed by the pretrial consideration of the motions to dismiss.

Further, we note that the failure to comply with articles 27.05-.07 does not preclude the assertion of the federal prohibition against double jeopardy. *Galloway v. Beto,* 421 F.2d 284, 288 n. 4 (5th Cir.1970); *Ex parte Scelles,* 511 S.W.2d 300, 302 (Tex. Crim.App.1974).

We overrule the State's first point of error.

■ The State contends, in its second and third points of error, that the trial court erred in dismissing the indictments because they are not barred by the federal and state prohibitions against double jeopardy. All parties agree that the possession of 28 grams or less of methamphetamine is a lesser included offense of possession of at least 400 grams of methamphetamine.

An offense is a lesser included offense if:
(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. …
Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1981).

Proof of possession of 400 grams of methamphetamine necessarily establishes possession of 28 grams or less. The same proof establishes commission of the charged offense, possession of the larger amount, and possession of the smaller amount; therefore, under article 37.09, possession of the smaller amount is a lesser

included offense of possession of the larger.

The issue presented is whether the prosecution of a lesser included offense is barred by the prohibitions against double jeopardy after a jury convicts a defendant of the greater offense, and an appellate court subsequently finds the evidence insufficient to support the conviction for the greater offense, orders an acquittal on the greater offense, but does not find the evidence insufficient to convict on the lesser included offense.

The Court of Criminal Appeals has consistently held that the ordering of an acquittal on a greater offense by an appellate court does not bar subsequent prosecution for a lesser included offense. *Black v. State*, 637 S.W.2d 923, 926 (Tex.Crim.App. 1982); *Taylor v. State*, 637 S.W.2d 929, 934 (Tex.Crim.App.1982); *Granger v. State*, 605 S.W.2d 602, 605 (Tex.Crim.App.1980); *Ex parte Harris*, 600 S.W.2d 791, 792 (Tex. Crim.App.1980) (op. on reh'g); *Rogers v. State*, 575 S.W.2d 555, 559 (Tex.Crim.App. 1979); *Moss v. State*, 574 S.W.2d 542, 546 (Tex.Crim.App.1978) (op. on reh'g); *but see Garrett v. State*, 749 S.W.2d 784, 791–95 (Tex.Crim.App.1986). *Garrett*, a plurality opinion, purportedly overruled *Moss* and its progeny, and held that prosecution of the lesser included offense is barred. The plurality opinion on rehearing, however, calls the previous opinion's discussion of double jeopardy "advisory" and further states: "We express no opinion at this time as to whether appellant could be tried for some lesser included offense." 749 S.W.2d at 804. We interpret *Garrett* as not overruling *Moss* and its progeny. Accordingly, we hold that *Moss* is controlling.

Further, the parties have cited no authority, and we have found none, that holds that the Texas prohibition against double jeopardy provides protections surpassing those of its federal counterpart. The federal and state prohibitions against double jeopardy do not bar prosecution of the appellees for the lesser included offense of possession of less than 28 grams of methamphetamine. *Contra Ex parte Stephens*, 753 S.W.2d 208 (Tex.App.—Dallas 1988, pet. granted).

We sustain the State's second and third points of error.

We reverse the trial court's orders granting the motions to dismiss, reinstate the indictments, and remand the cases to the trial court.

DUNN, J., dissenting.

DUNN, Justice, dissenting.

I respectfully dissent.

I disagree with the majority in its conclusion that *Moss* and its progeny control the resolution of the federal double jeopardy issue. I agree with the plurality opinion in *Garrett*, which concluded that holdings like those in *Moss* and its progeny allowing an appellant to be tried for a lesser included offense after an appellate court has determined that a previous conviction for the greater offense is not supported by the evidence and orders the defendant's acquittal are advisory and not controlling. 749 S.W.2d 803–04.

*Moss* did not address an actual controversy capable of final adjudication because no indictment had been filed charging the lesser included offense when the court ordered an acquittal on the greater offense. A plurality of justices in *Garrett* called such an opinion "advisory":

In the instant case, the Court of Appeals determined that the State could try appellant for any lesser included offenses of murder despite appellant's acquittal for the offense of murder. However, at that point the Court of Appeals did not know if the State would attempt to retry appellant for some lesser included offense. Moreover, without an information or indictment naming a particular offense, the Court of Appeals could not rule with any specificity or certainty. In sum, the Court of Appeals' holding did not resolve an actual controversy capable of final adjudication. It anticipated a controversy and presumed hypothetical facts.

The Court of Appeals had no power to decide that issue because the issue of

double jeopardy could only arise if appellant were subsequently charged with some lesser included offense. 749 S.W.2d at 803–04. The plurality also concluded that its previous opinion holding that prosecution of the lesser included offense was barred was advisory. For the same reasons, I conclude that *Moss* and its progeny are advisory and not controlling.

Moreover, the practice in *Moss* violates the double jeopardy clause of the fifth amendment to the United States Constitution, which is made applicable to the states by the fourteenth amendment.

The double jeopardy clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." It contains three separate guarantees: 1) protection against a second prosecution for the same offense after acquittal; 2) protection against a second prosecution for the same offense after conviction; and 3) protection against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *January v. State*, 695 S.W.2d 215, 220 (Tex.App.—Corpus Christi 1985), *aff'd*, 732 S.W.2d 632 (Tex.Crim.App.1987). The indictments in the case before this Court violate the first of these guarantees.

For double jeopardy purposes, the lesser included offense of possession of less than 28 grams of methamphetamine is the "same offense" as possession of more than 400 grams of methamphetamine. Possession of more than 400 grams of methamphetamine constitutes violations of at least two separate provisions of the same statute—article 4476–15, section 4.04(c), (d)(2), possession of 400 grams or more, and article 4476–15, section 4.04(b), possession of less than 28 grams. In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the Supreme Court set out the test to be applied when conduct violates more than one statutory provision:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

Possession of less than 28 grams of methamphetamine does not require proof of a fact additional to those facts that must be proved to establish possession of 400 grams or more. In other words, as stated in the majority opinion, when possession of 400 grams is proved, possession of 28 grams is proved. Thus, under *Blockburger*, a lesser included offense is the "same offense" as the greater offense.

This conclusion is supported by the United States Supreme Court's opinion in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), which involved the third double jeopardy guarantee, protection against multiple punishments for the same offense after conviction. The defendant pled guilty to and was convicted of joyriding, a lesser included offense of auto theft. Subsequently, appellant was charged with and convicted of auto theft, which arose out of the same nine-day joyride as the previous joyriding conviction. The issue presented, whether the conviction for a lesser included offense barred subsequent prosecution for the greater offense, required the Court to determine whether, under *Blockburger*, a greater and lesser included offense constitute the "same offense" under the double jeopardy clause. The Court concluded:

> [W]e agree with the Ohio Court of Appeals that joyriding and auto theft, as defined by the court, constitute "the same statutory offense" within the meaning of the Double Jeopardy Clause. For it is clearly *not* the case that "each [statute] requires proof of a fact which the other does not." *As is invariably true of a greater and lesser included offense, the lesser offense—joyriding—requires no proof beyond that which is required for conviction of the greater— auto theft. The greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it.*

*Id.* at 168, 97 S.Ct. at 2226 (emphasis added) (citations omitted). The Court reversed the subsequent conviction for the greater offense.

I see no reason for a greater and lesser included offense to be the "same offense" under the third double jeopardy guarantee and not be the "same offense" under the first guarantee. Nor does the Court expressly restrict its conclusion to cases involving the third guarantee. Accordingly, under *Brown,* a greater and lesser included offense is the "same offense," and the fifth and fourteenth amendments bar prosecution of the "same offense" after acquittal. *Vitale,* 447 U.S. at 410, 100 S.Ct. at 2261; *Garrett,* 749 S.W.2d at 792–93.

This result is particularly compelling when one examines the trials that a defendant must endure if subsequent prosecutions on lesser included offenses are permitted. Section 4.04 proscribes possession of methamphetamine in three different amounts—less than 28 grams, 28 grams or more but less than 400 grams, and 400 grams or more. The State could prosecute a defendant for possession of 400 grams or more, obtain a conviction, and lose on appeal because it failed to prove that the amount possessed was 400 grams or more. The State could then have the grand jury indict the defendant for possessing 28 grams or more but less than 400 grams of methamphetamine, obtain a conviction, and lose on appeal again because the alleged amount was not proved. The State then has the grand jury indict the defendant for possession of less than 28 grams and puts him to trial a third time.

In this scenario, the defendant suffers the consequences of the State's failure to choose a burden of proof that it can meet. In *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), the Supreme Court imposed on the State the consequences of its failure to sustain its burden of proof by prohibiting reprosecution of the identical offense and ordering an acquittal of the defendant.

Likewise, in cases involving lesser included offenses, the State must bear the consequences for failing to prove the greater offense and for not initially proceeding on the lesser included offense. The State selects the burden of proof it will bear by seeking the grand jury's indictment of the defendant for an offense that the State specifies. Thus, if the State seeks an indictment alleging a burden of proof that it cannot meet at trial, it must bear the consequences of its choice and must not get three bites at the apple at the expense of the defendant.

I also dissent from the majority's holding that the double jeopardy clause of the Texas Constitution does not bar the indictments for the lesser included offense. Art. I, sec. 14. *Moss* and its progeny do not discuss the Texas Constitution. It provides:

No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

Early Texas cases recite the standard under the Texas double jeopardy clause[1] when a defendant is previously acquitted:

In autrefois acquit, it is necessary that the prisoner could have been convicted on the first indictment of the offense charged in the second.... *The rule seems to be well settled that a former trial is not a bar unless the first indictment was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment.*

*Carlile v. State,* 97 Tex.Crim. 477, 262 S.W. 489 (1924) (emphasis added).

Clearly, *Carlile* and cases applying the same rule are in direct conflict with *Brown.* In the case before this Court, proof of only the lesser included offense

---

1. Although the court in early double jeopardy cases does not expressly refer to the Texas constitution, it is clear that the Texas double jeopardy clause is in issue because the fifth amendment was not applied to the states until 1969. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

will not establish proof of the greater offense. Thus, under *Carlile*, if the first indictment charges possession of 400 grams or more and the second charges possession of less than 28 grams, and the defendant is acquitted on the first indictment, subsequent prosecution for the possession of less than 28 grams is not barred because the defendant could not have been convicted under the first indictment upon proof of the facts set forth in the second indictment—possession of less than 28 grams. Under *Brown*, a greater and lesser included offense is the "same offense" for federal double jeopardy purposes. The rule in *Carlile* permits subsequent prosecution of a lesser included offense after acquittal on the greater thereby allowing two prosecutions for the "same offense" thereby violating the federal double jeopardy clause. Accordingly, I conclude that the rule in *Carlile* has no precedential value because it is contrary to the holding in *Brown*.

A state court is free to read its state's constitution more broadly than the Supreme Court reads the federal constitution. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 293, 102 S.Ct. 1070, 1076, 71 L.Ed.2d 152 (1982). A state constitution may provide defendants with additional protections not afforded by the federal constitution. *Oregon v. Hass*, 420 U.S. 714, 719, 95 S.Ct. 1215, 1219, 43 L.Ed.2d 570 (1975); *Cooper v. California*, 386 U.S. 58, 62, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967); Brennan, *State Constitutions and the Protection of Individual Rights*, 90 Harv. L.Rev. 489 (1977). Assuming the federal double jeopardy clause does not bar the prosecution of appellees for the lesser included offense, without so concluding, the Texas double jeopardy clause may be read to bar such prosecutions and provide protection surpassing that afforded by the federal constitution.

I would hold that the indictments charging the lesser included offense are barred because a greater and lesser included offense are the "same offense" under the double jeopardy clause of the Texas Constitution. Thus, ruling on the federal constitutional issue is unnecessary because the case can be resolved on "adequate and independent state grounds." *See Michigan v. Long*, 463 U.S. 1032, 1040–42, 103 S.Ct. 3469, 3476–77, 77 L.Ed.2d 1201 (1983).

I would affirm the trial court's dismissal of the indictments.