The STATE of Texas, Appellant,

v.

Donald Wayne ENGELKING and Aaron Lambert Sloan, Appellees.

Nos. 0918–89, 0919–89.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 18, 1991.

White, J., concurred in result.

McCormick, P.J., filed dissenting opinion.

Stanley G. Schneider, W. Troy McKinney, and Tom Moran, Houston, for appellees.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr., and Mike Roe, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLEES' PETITIONS FOR DISCRETIONARY REVIEW

BENAVIDES, Judge.

Appellees stand charged in cause numbers 516,136 and 516,042 before the 177th District Court with Possession of Methamphetamine consisting of less than 28 grams. Both filed pretrial motions to dismiss these indictments on the ground of prior acquittal. After a hearing, the trial judge granted the motions and ordered both indictments dismissed. The State appealed to the First Court of Appeals, which reversed the trial court and ordered that the indictments be reinstated. *State v. Engelking*, 771 S.W.2d 213 (Tex.App.—Houston [1st Dist.] 1989).

Appellees argue that the instant prosecution is for the same offense as that upon which they were earlier acquitted in cause numbers 417,548 and 417,547, also before the 177th District Court. In those proceedings both were charged by indictment with Possession of Methamphetamine greater than or equal to 400 grams. Although convicted at trial and affirmed on appeal, judgments of acquittal were nevertheless ordered when this Court held the evidence adduced at trial constitutionally insufficient to prove that the methamphetamine in question was of the quantity alleged. *Engelking v. State*, 750 S.W.2d 213 (Tex.Cr. App.1988); *Sloan v. State*, 750 S.W.2d 788 (Tex.Cr.App.1988).

Appellees contend that double jeopardy provisions of the state and federal constitutions prohibit successive prosecution under these circumstances because the pending indictments charge lesser included offenses of those for which they were acquitted or, in the alternative, because both former and pending prosecutions were founded upon a statute which defines but a single offense. In either event, appellees claim, the pending prosecutions are for "the same offense" as the former prosecutions insofar as double jeopardy prohibitions are concerned. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14; Art. 28.13, V.A.C.C.P.

### I.

It is apparent from our earlier opinions in *Engelking*, 750 S.W.2d at 214, and *Sloan*, 750 S.W.2d at 789, that appellees were first prosecuted under a penal statute providing that:

(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a con-

trolled substance in Penalty Group 1 unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice.

(b) An offense under Subsection (a) of this section is a felony of the second degree if the amount of the controlled substance possessed is, by aggregate weight, including any adulterants or dilutants, less than 28 grams.

(c) A person commits an aggravated offense if the person commits an offense under Subsection (a) of this section and the amount of the controlled substance possessed is, by aggregate weight, including any adulterants or dilutants, 28 grams or more.

(d) An offense under Subsection (c) of this section is:

(1) punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years, and a fine not to exceed $50,000, if the amount of the controlled substance possessed is, by aggregate weight, including any adulterants or dilutants, 28 grams or more but less than 400 grams; and

(2) punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceeed $100,000, if the amount of the controlled substance possessed is, by aggregate weight, including any adulterants or dilutants, 400 grams or more.

Art. 4476–15, "Controlled Substances Act," Sec. 4.04, V.A.C.S. *See now* V.T.C.A., Health & Safety Code, "Controlled Substances Act," § 481.115. The pending prosecutions are also founded upon this statute.

When analyzed in the way prescribed by our recent holding in *Wilson v. State,* 772 S.W.2d 118 (Tex.Cr.App.1989), the statute in question defines two separate offenses. The first consists of the elements set out in Subsection (a), and is punishable as provided in Subsection (b). The second, an aggravated offense, contains the elements found in Subsection (c), and is punishable as provided in Subsections (d)(1) and (d)(2).

■   Clearly, indictments alleging Possession of Methamphetamine greater than or equal to 400 grams, such as those upon which the first prosecutions of appellees were based, do charge violations of Section 4.04(c), which are punishable as provided in Subsection (d)(2) of that Section. Of course, the State need not allege possession of 400 grams or more to charge a violation of Section 4.04(c), but only possession of "28 grams or more." Whether the amount equals or exceeds 400 grams is a punishment issue to be resolved under Subsections (d)(1) and (d)(2) at the penalty phase of trial. It is not an element of the offense itself. *See Wilson,* 772 S.W.2d *passim.*

But the pending indictments here in question do not allege a quantity of methamphetamine of "28 grams or more." Indeed, they expressly allege that the quantity possessed was "less than 28 grams." Accordingly, they do not charge an offense against Section 4.04(c) of the Act. They do, however, sufficiently allege a violation of Section 4.04(a), which does not require proof of quantity. In short, the pending indictments allege different statutory offenses than those for which appellees were previously acquitted.

Moreover, the statutory offenses alleged in the pending and former indictments plainly stand in such relationship to one another that the pending prosecutions under Section 4.04(a) are for lesser included offenses of those formerly prosecuted under Section 4.04(c), since they are "established by proof of the same or less than all the facts required to establish the commission of" the offenses alleged in the former indictments. *See* Art. 37.09(1), V.A.C.C.P. Indeed, by definition, commission of a Section 4.04(c) offense requires proof of "an offense under Subsection (a) of this section" in addition to proof that the controlled substance amounted to "28 grams or more." Section 4.04(a), as already mentioned, does not require proof of a quantity, although Subsection (b) provides a penalty for its violation only if the quantity is less than 28 grams. Accordingly, the stat-

utory elements of Section 4.04(a) are entirely recapitulated by those of Section 4.04(c). The former is, therefore, a lesser included offense of the latter.

## II.

The State concedes that the instant prosecutions, although based on new indictments, will necessarily rely upon the same historical facts as gave rise to the earlier prosecutions, and that the controlled substance now alleged to have been possessed by appellees is the same as that allegedly possessed by them in the cases where they were acquitted. The State also concedes that the pending prosecutions are for lesser included offenses of the offenses for which appellees were earlier acquitted.

■ Nevertheless, the State argues that reprosecution for lesser included offenses following appellate acquittal of the greater is not offensive to double jeopardy prohibitions of the state and federal constitutions. This contention, however, has since been resolved contrary to the State's position in *Stephens v. State*, 806 S.W.2d 812 (Tex.Cr. App.1990), and we are not persuaded to reconsider it so soon after its delivery. There, we held that:

> ... when a defendant has obtained a reversal of a conviction for a greater offense solely on the ground that there was insufficient evidence to prove the aggravating element of that offense, the Double Jeopardy Clause bars a subsequent prosecution for the lesser included offense.

806 S.W.2d at 819.

■ In the instant cause, the State is likewise attempting to reprosecute appellees for lesser included offenses after a finding on appeal of insufficient evidence to support the greater, aggravated offenses for which they were prosecuted at an earlier trial. Under both state and federal constitutions, as we have construed them in *Stephens,* all such issues must be resolved in a single trial, and may not be made the subject of successive prosecutions. U.S. CONST. amend. V; TEX. CONST. art. I, § 14; Art. 28.13, V.A.C.C.P.

Moreover, the State does not present to us the question reserved in *Stephens,* whether a like result would follow if, at appellees' earlier trial,

> ... the jury charge had included an instruction on the lesser included offense or if the trial court had erroneously refused the State's request for a lesser included offense instruction.

806 S.W.2d at 814, n. 4. Neither does the record in the instant cause disclose that such instructions were given to the jury at appellees' first trials, nor that any were requested by the State.

The judgment of the Court of Appeals is reversed, and these causes are remanded to the 177th District Court for dismissal of the indictments numbered 516,136 and 516,042.

WHITE, J., concurs in the result.

McCORMICK, Presiding Judge, dissenting.

For the reasons set forth in my dissenting opinion in *Ex parte Haron Stephens,* 806 S.W.2d 812 (Tex.Cr.App.1991), I respectfully dissent. See also *Jones v. Thomas,* 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989).