NUMBER 13-02-241-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
ROGELIO LEOS,                                                                         Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 156th District Court of Live Oak County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez
 

          Without a plea bargain, appellant, Rogelio Leos, pled guilty to possession of a
controlled substance and was sentenced to twelve years imprisonment and a $10,000 fine.
By six issues, he challenges his conviction and sentence. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          The record contains the trial court’s certification that the case is not a plea-bargain
case and the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2).
          By his first four issues, appellant complains of the State’s inclusion of “adulterants
and dilutants” in the total weight of the controlled substance. Although appellant stipulated
to the possession of a controlled substance of 400 grams or more and pled guilty to
“possession of a controlled substance,” he claims that by excluding “adulterants and
dilutants” from the weight of the controlled substance, namely cocaine, the weight would
have been less than 400 grams and thus would result in a lesser sentence. We construe
appellant’s claim as a challenge to the legal sufficiency of the evidence to support his
conviction.
          Article 1.15 of the of code criminal procedure requires the State to introduce
sufficient evidence into the record to support a guilty plea. Tex. Code Crim. Proc. Ann.
art. 1.15 (Vernon Supp. 2004); see Williams v. State, 674 S.W.2d 315, 319 (Tex. Crim.
App. 1984) (noting no evidence need be entered when appellant pleads guilty before jury;
evidence necessary for guilty plea before court only); Schumacher v. State, 72 S.W.3d 43,
51 (Tex. App.–Texarkana 2001, pet. ref’d); Addicks v. State, 15 S.W.3d 608, 612 (Tex.
App.–Houston [14th Dist.] 2000, pet. ref’d).
          In a legal sufficiency review, this Court must examine the evidence presented in the
light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the offense present beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex.
Crim. App. 2000). In making this determination, reviewing court considers all the evidence
admitted that will sustain the conviction, including improperly admitted evidence. Conner
v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). 
          On appeal, we measure the legal sufficiency of the evidence in a nonjury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Wheaton v. State, 129
S.W.3d 267, 271-72 (Tex. App.–Corpus Christi 2004, no pet.). This hypothetically correct
jury charge would set out the law, be authorized by the indictment, not necessarily increase
the State’s burden of proof or necessarily restrict the State’s theory of liability, and
adequately describe the particular offense for which the defendant was tried. Malik, 953
S.W.2d at 240; see Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (“We
believe the ‘law’ as ‘authorized by the indictment’ must be the statutory elements of the
offense . . . as modified by the charging instrument”) In Malik, the court of criminal appeals
provided that this standard can be applied to all trials, whether to the bench or to the jury. 
Malik, 953 S.W.2d at 240; see Fuller v. State, 73 S.W.3d 250, 252 (Tex. Crim. App. 2002)
(evidentiary sufficiency should be measured against “elements of the offense as defined
by the hypothetically correct jury charge for the case” in all sufficiency cases).
          Appellant relies on Dowling v. State, 885 S.W.2d 103, 107-08 (Tex. Crim. App.
1992), and Sloan v. State, 750 S.W.2d 788, 789 (Tex. Crim. App. 1988), in support of his
contention that “adulterants and dilutants” were incorrectly included in the total weight of
the controlled substance. The central issue in Dowling was that the jury charge included
the terms "adulterants and dilutants," but the indictment did not. Dowling, 885 S.W.2d at
107-08. Since Dowling was decided, however, the statutory definition of a “controlled
substance” has been changed to include adulterants and dilutants. See Act of May 26,
1997, 75th Leg., R.S., ch. 745, § 1, 1997 Tex. Sess. Law. Serv. 2411 (current version at
Tex. Health & Safety Code Ann. § 481.002(5) (Vernon Supp. 2004)). Thus, appellant’s
reliance on Dowling is misplaced, and his argument is without merit. 
          “Controlled substance” includes “the aggregate weight of any mixture, solution, or
other substance containing a controlled substance.” Tex. Health & Safety Code Ann. §
481.002(5) (Vernon Supp. 2004). Therefore, the indictment need not include the words
“adulterants and dilutants” in order for such substances to be included in the aggregate
weight of the controlled substance. Id. Chemists no longer have to determine how much
of a tested substance is a "controlled" substance and how much is some other material. 
Id.; Hines v. State, 976 S.W.2d 912, 913 (Tex. App.–Beaumont 1998, no pet.); Williams
v. State, 936 S.W.2d 399, 405-06 (Tex. App.--Fort Worth 1996, pet. ref'd). 
          The opinion in Sloan, along with its companion case, Engelking v. State, focused
on whether the substance included as part of the controlled substance was, in fact, an
adulterant or dilutant as defined at the time. Sloan, 750 S.W.2d at 789; Engelking v. State,
750 S.W.2d 213, 216 (Tex. Crim. App. 1988). It did not focus on whether an adulterant or
dilutant could be included. Sloan, 750 S.W.2d at 788; Engelking, 750 S.W.2d at 215-16. 
These opinions were decided before the legislature amended the statute to include a
definition of “adulterant and dilutant.” See Act of May 29, 1993, 73rd Leg., R.S., ch. 900,
§ 2.01, 1993 Tex. Sess. Law. Serv. 3708 (current version at Tex. Health & Safety Code
Ann. § 481.002(49) (Vernon Supp. 2004)). The proof that was required when these
opinions were decided is no longer required. See id.; Williams, 936 S.W.2d at 405-06.
          In the present case, the record contains appellant’s signed judicial confession in
which he stipulated to the possession of a controlled substance of 400 grams or more and
pled guilty to “possession of a controlled substance.” Appellant’s argument is without
merit; thus, we overrule appellant’s first four issues.
          By his fifth issue, appellant complains that the trial court never formally found him
guilty before pronouncing sentence. The trial judge stated, “I’m going to find that the
defendant, based on the evidence that’s been introduced as to guilt or innocence, the
defendant is guilty of the offense charged in this case, or at least that the evidence
substantiates his guilt.” The court then ordered that a pre-sentence investigation be
conducted prior to sentencing.
          We hold that the judge’s statement was sufficient to find appellant guilty. There was
an express pronouncement of guilt. A finding of guilt may also be implied. See Villela v.
State, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978) (“When the trial judge, after
admonishing the appellant, accepting the appellant's pleas, and hearing the State's
evidence, held the assessment of punishment in abeyance and ordered a presentence
investigation, he necessarily implied that he had found the appellant guilty in each case.”). 
Here, there was both an express pronouncement of guilt and an implied finding of guilt.
          Additionally, there was neither an objection to the judge’s statements nor a request
that he make a more clear statement. See Ramirez v. State, 89 S.W.3d 222, 231 (Tex.
App.–Corpus Christi 2002, no pet.). A reviewing court will not consider an error which the
defendant could have, but did not, call to the attention of the trial court at the time the error
could have been avoided or corrected through appropriate action. Black v. State, 816
S.W.2d 350, 367 (Tex. Crim. App. 1991). Therefore, appellant’s fifth issue is overruled.
          In his sixth issue, appellant contends that it was error for the trial court to
“particularize the harm to the judge’s own children before pronouncing sentence.” The
court stated, “I also have some sons, three sons, a little older than your sons, and I don’t
want them addicted to cocaine.”
          To preserve error, the record must show that the issue was sufficiently presented
to the trial court, and that the trial court expressly or implicitly ruled on the issue, or refused
to rule on the issue. Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); Luna
v. State, 70 S.W.3d 354, 359 (Tex. App.–Corpus Christi 2002, pet. ref’d); see also Tex. R.
App. P. 33.1(a). An appellant may not complain of an error pertaining to sentencing or
punishment without objecting or otherwise raising the error in the trial court. Ramirez, 89
S.W.3d at 231. 
          Although the general rule is that counsel must object to the trial court’s comments
before preserving error, the court is authorized to "take notice of fundamental errors
affecting substantial rights although they were not brought to the attention of the court." 
Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). The law contemplates that the
trial court shall maintain an attitude of impartiality throughout the trial. Id. The sentencing
process must follow the requirements of due process. Gardner v. Florida, 430 U.S. 349,
358 (1977). A trial court’s refusal to consider the entire range of punishment would
constitute a violation of due process. McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim.
App. 1983).
          There is no evidence of a violation of due process this case. The appellant’s
sentence, twelve years in prison, falls well below the maximum punishment of ninety-nine
years that could have been imposed. See Tex. Health & Safety Code Ann. § 481.115
(Vernon Supp. 2004). It was also less than the twenty-year sentence recommended by
the prosecution. There is no indication that the judge’s comments rose to a level that
would deny appellant due process. See Gardner, 430 U.S. at 358; McClenan, 661 S.W.2d
at 110. We hold that appellant has waived any complaint regarding the trial judge’s
comments by not objecting to the comments. See Turner, 805 S.W.2d at 431; Luna, 70
S.W.3d at 359; see also Tex. R. App. P. 33.1(a). 
          We overrule appellant’s sixth point of error. The judgment of the trial court is
affirmed.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
29th day of July, 2004.