566 S.W.2d 14 (1978)
In the Matter of P------ A------ S------.
No. 8829.
Court of Civil Appeals of Texas, Amarillo.
March 27, 1978.
Brown & Harding, Mike Brown, Lubbock, for appellant.
Alton R. Griffin, Crim. Dist. Atty., Cindy L. Miller, Asst. Dist. Atty., Lubbock, for appellee.
ROBINSON, Chief Justice.
This is an appeal pursuant to Tex. Family Code Ann. § 56.01 from a district court judgment that appellant-child engaged in delinquent conduct. The State's original petition alleged that the child had engaged in conduct in violation of Tex. Penal Code Ann. § 29.03 (aggravated robbery). Appellant asserted the affirmative defense of duress. Tex. Penal Code Ann. § 8.05. In addition to challenging the legal and factual sufficiency of the evidence, the child appeals on the ground that Penal Code § 2.04(d) violates the Due Process Clause of the Fourteenth Amendment because it requires an accused to prove the affirmative *15 defense of duress by a preponderance of the evidence. The judgment of the district court is affirmed because the evidence supports a finding by the juvenile court that the State proved beyond a reasonable doubt that appellant did not act under duress.
Appellant and an adult accomplice robbed a convenience store in Lubbock. Appellant was identified at her adjudication hearing by the store clerk and a young customer who was in the store at the time of the robbery. Appellant testified that she committed the robbery because she was ordered to do so by one Loggins, who was living with appellant, her accomplice, and several other people in a communal arrangement. Appellant also testified, and her accomplice corroborated the fact, that Loggins had beaten appellant several days before the robbery and on the day of the robbery. Loggins drove the two women to and from the convenience store.
The State proved that appellant used Loggins' gun in the commission of the robbery, and that Loggins did not have another weapon. The State contends that appellant could have used the gun against Loggins, and therefore she was not under immediate duress. The evidence also showed that appellant received half of the money taken in the robbery. After hearing all of the evidence, the judge entered his findings of fact and conclusions of law. He found that the defendant failed to prove the affirmative defense of duress by a preponderance of the evidence as required by Tex. Penal Code Ann. § 2.04(d). He further found that the State proved beyond a reasonable doubt that the defendant did not act under duress, and entered judgment that the appellant had engaged in delinquent conduct.
Although the Fourteenth Amendment does not require that the juvenile hearing conform with all the requirements of a criminal trial, it does require "the essentials of due process and fair treatment." In re Gault, 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527 (1967). The Due Process Clause protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. The same considerations that demand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child. In re Winship, 397 U.S. 358, 364-65, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
The constitutionality of Tex. Penal Code Ann. § 2.04(d), which places the burden of proving an affirmative defense by a preponderance of the evidence on the defendant, need not be considered to decide this case. The trial court expressly found that the State satisfied its burden of proving all of the facts necessary to constitute the crime beyond a reasonable doubt. It is a well-settled proposition of law that courts should avoid constitutional issues which are not necessary to the disposition of a case. Bowen v. United States, 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641 (1975); Ranniger v. State, 460 S.W.2d 181 (Tex.Civ.App. Beaumont 1970, no writ).
Tex. Family Code Ann. § 54.03(f) requires the State to prove beyond a reasonable doubt that a child has engaged in delinquent conduct before the child may be adjudicated a delinquent. Appellant contends that there was no evidence, or in the alternative insufficient evidence, to support the juvenile court's finding that the State proved beyond a reasonable doubt that she acted voluntarily and without duress.
When reviewing a "no evidence" point of error, this court must consider only the evidence and inferences tending to support the findings of the juvenile court, disregarding all evidence and inferences to the contrary. Schiesser v. State, 544 S.W.2d 373, 377-78 (Tex.1976). The State adduced evidence that appellant did not commit the alleged offense under duress. Appellant was the only one of the three people involved in the commission of the robbery to have a gun. There is ample evidence to support the court's finding that she could have used this gun as a means of freeing herself from any demands or threats. An admission by appellant that she received a share of the money taken supported the State's contention that she was not just an *16 unwilling participant in the crime. Appellant's "no evidence" point is overruled.
When reviewing an "insufficient evidence" point of error, this court must consider the entire record and weigh all the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). In a juvenile case, the question is whether the evidence considered as a whole shows that the State sustained its burden of proof beyond a reasonable doubt. Matter of Hartsfield, 531 S.W.2d 149, 152 (Tex.Civ.App.Tyler 1975, no writ). The trial court had the opportunity to observe the witnesses and was free to believe or disbelieve any or all of their testimony. The trial court's finding of fact that the State proved beyond a reasonable doubt that appellant did not act under duress has ample support in the evidence. Appellant's "insufficient evidence" point is overruled.
The foregoing holdings are dispositive of this appeal. The judgment of the trial court is affirmed.