**Rolen R. RAINS, Appellant,**

v.

**MERCANTILE NATIONAL BANK AT DALLAS and Jerry J. Aills, Appellees.**

**No. 20217.**

Court of Civil Appeals of Texas, Dallas.

April 22, 1980.

Rehearing Denied May 22, 1980.

---

1. Article 5069–6.04(7) was substantially revised by the 1979 legislature. Revisions were effective August 27, 1979.

Randall Yazbeck, Barclay & Yazbeck, Dallas, for appellant.

Robert H. Frost, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

AKIN, Justice.

Plaintiff appeals from a summary judgment granted the defendant in a suit by plaintiff for false arrest and false imprisonment. Plaintiff was arrested at the instance of defendants for violation of the criminal trespass statute because he distributed leaflets in defendant's office buildings contrary to defendant's repeated admonitions not so to do. Plaintiff argues that the summary judgment cannot be sustained for his arrest for a violation of Tex.Penal Code Ann. § 30.05 (Vernon 1974), the criminal trespass statute, because that statute should not be interpreted to encompass his conduct in the instant case because it would violate his right of free speech, and alternatively, if the statute may be so interpreted, that § 30.05 is unconstitutional.[1] We hold that this statute includes plaintiff's conduct and that, so construed, it is not unconstitutional. Consequently, the trial judge correctly rendered summary judgment.

Plaintiff Rains is in the business of printing and distributing advertising on eleven inch by seventeen inch circulars and distributing these circulars by hand in Dallas area office buildings. After complaints by its tenant, the defendant Mercantile Bank's security officers ordered plaintiff not to distribute circulars in the Mercantile Bank buildings on several occasions over a three month period preceding plaintiff's arrest. Plaintiff does not dispute receipt of these warnings. On March 29, 1976, Rains received additional notice of exclusion from the premises when the building manager informed him that he was not to distribute circulars in the Mercantile buildings. On April 21, 1976, after plaintiff again distributed circulars in the building, a security guard stopped him on the fifth floor and escorted him downstairs where Rains was met by an off-duty policeman, who was employed by Mercantile. Rains was arrested and charged with criminal trespass. This litigation ensued.

1. The points of error before us raise only the questions of the officer's authority to make the arrest. No question is presented as to the extent of a private party's liability for precipitating an arrest that is later proven invalid under the standards of criminal law and procedure. Accordingly, we express no opinion on this issue.

We hold that the Tex.Penal Code Ann. § 30.05 (Vernon 1974), prohibits plaintiff's conduct in this case and is not unconstitutional as so interpreted. Section 30.05 provides:

(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

(1) had notice that the entry was forbidden; or

(2) received notice to depart but failed to do so.

(b) For purposes of this section:

(1) "entry" means the intrusion of the entire body; and

(2) "notice" means:

(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

.　　.　　.　　.　　.

(C) signs posted to be reasonably likely to come to the attention of intruders.

(c) An offense under this section is a Class C misdemeanor unless it is committed in a habitation, in which event it is a Class A misdemeanor.

Although plaintiff falls within the ambit of this statute, he argues that we should not construe the statute to apply to entering defendant's buildings for distribution of his circulars because such an interpretation would violate his first amendment rights of free speech. We cannot agree.

Assuming, without deciding, that plaintiff's distribution of advertising circulars is protected by the first amendment, plaintiff does not have an unlimited right to engage in such conduct on private property. Even with respect to public property, freedom of speech is subject to regulation by the government based upon the time, place and manner of that speech. *See Kovacs v. Cooper*, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949); *Feiner v. New York*, 340 U.S. 315, 71 S.Ct. 303, 95 L.Ed. 295 (1951). This case concerns an even more limited situation than *Feiner* or *Kovacs* in that the forum involved is a private office building rather than a public street or park.

The criminal trespass statute does not purport to regulate speech but rather makes entry on to private property, after notice of exclusion by the owner, a criminal act. Consequently, we need only consider whether the statute is constitutional as applied to the fact situation before us. *Singleton v. Pennington*, 568 S.W.2d 367, 379 (Tex.Civ.App.—Dallas 1978, writ granted). Thus the issue, narrowly phrased, is whether the owner of a private office building may constitutionally exclude plaintiff from the building and thus prevent him from distributing advertising circulars in that building.

Relying on *Marsh v. Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946) and *Amalgamated Food Employees v. Logan Valley Plaza*, 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968), plaintiff contends that although defendant's office building is privately owned, the first amendment requires that plaintiff be allowed to distribute his advertising circulars there. We cannot agree. Subsequent federal court decisions construing the extent of the first amendment in *Lloyd Corp. v. Tanner*, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972); *Central Hardware Co. v. N. L. R. B.*, 407 U.S. 539, 92 S.Ct. 2238, 33 L.Ed.2d 122 (1972); and *Hudgens v. N. L. R. B.*, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976), make clear that both *Marsh* and *Logan Valley* apply only to very narrow fact situations. In *Marsh* it was held that Jehovah's Witnesses have a constitutional right to distribute literature in a company-owned town. That holding was justified because the privately owned town had all the aspects of a municipality and thus was the functional equivalent of a public municipality. Because the office building in the case here is not a self-contained municipal unit, *Marsh* has no application. In *Logan Valley*, the court held that right of access existed to a privately owned shopping center to picket a store within the center. This right of access does not extend to a situation where the picketing concerns activities other than those occurring at the shopping center. *Hudgens v. N. L. R. B.*, 424 U.S. at

**124** ◼ ▰▰▰▰▰▰▰▰▰▰▰▰▰▰

525, 96 S.Ct. at 1039. *Logan Valley* is also distinguishable on the ground that the message in that case was intended for the public generally rather than for the patrons of the particular shopping center. *Lloyd Corp. v. Tanner*, 407 U.S. at 564, 92 S.Ct. at 2226. *Logan Valley* does not stand for the proposition that access is required for the exercise of first amendment rights merely because commercial property is open to the public. *Central Hardware Co. v. N. L. R. B.*, 407 U.S. at 547, 92 S.Ct. at 2243. Thus, *Logan Valley* is limited to the situation where pickets protest the actions of a particular tenant within the privately owned property and has no application here.

◼ Neither *Marsh* nor *Logan Valley* compels us to hold that plaintiff has a right to distribute his advertising circulars within defendant's office buildings. Consequently, we hold that plaintiff has no such right although in other circumstances a right of access to private property may be required. For instance, where there are no reasonable alternative means of exercising first amendment rights, a right of access to private property may exist, as in *Marsh* and *Logan Valley*. Where, as here, defendant offered to distribute plaintiff's advertising circulars to its tenants and plaintiff had access to the public sidewalk for distribution to persons entering and leaving the buildings, plaintiff's right of freedom of expression does not extend to a right of access to defendant's private office buildings. Accordingly, we hold that the criminal trespass statute does not deny plaintiff the right of free speech and may be used to exclude him from defendant's buildings and thus prohibit distribution of advertising circulars in the defendant's buildings.

Affirmed.