**ASTRO RESOURCES CORPORATION,**
**Plaintiff,**

v.

**IONICS, INC., Defendant.**

**Civ. A. No. G–83–300.**

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 2, 1983.

David Garner, League City, Tex., for plaintiff.

---

John E. O'Neill, Porter & Clements, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

This cause was originally filed by plaintiff Astro Resources Corporation in the 212th Judicial District Court of Galveston County, Texas. Plaintiff's original complaint alleged that defendant's protest letter to various officials at the National Aeronautics and Space Administration (NASA) contained false and defamatory statements concerning the plaintiff. The defendant, Ionics, Inc., a Massachusetts corporation, removed the cause to this Court on grounds of diversity jurisdiction. Now before the Court is defendant's motion to dismiss plaintiff's suit on the grounds that the allegedly libelous statements contained in defendant's protest letter were absolutely privileged under the law of Texas as a communication made in the course of a quasi-judicial proceeding.

 In an action for defamation, absolute privilege is a complete defense. *Zarate v. Cortinas,* 553 S.W.2d 652, 654 (Tex. Civ.App.—Corpus Christi 1977, no writ). When a statement is accorded an absolute privilege, no defamation action will lie, even though the statements are false and maliciously uttered. *Parker v. Holbrook,* 647 S.W.2d 692, 695 (Tex.Civ.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). Texas law provides that communications made in judicial or quasi-judicial proceedings are absolutely privileged against a claim of libel. *Reagan v. Guardian Life Ins. Co.,* 140 Tex. 105, 166 S.W.2d 909, 912 (1942). A proceeding before an administrative agency, board or officer is quasi-judicial when the agency, board or officer exercises quasi-judicial power. *Parker v. Holbrook,* *supra* at 695; *Putter v. Anderson,* 601 S.W.2d 73, 76 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). "Quasi-judicial power may briefly be described as the power or duty to investigate and to draw a conclusion from such investigation." *Id.*

 The NASA Procurement Regulations, article 2.407–8, 41 C.F.R. Chap. 18, establish a procedure by which the award of a NASA contract may be protested by a disappointed bidder, such as the defendant in the instant cause. Article 2.407–8(a)(1) specifies that:

Contracting officers shall consider all protests or objections to the award of a contract, whether received before or after award. If the protest is oral and the matter cannot otherwise be resolved, written confirmation of the protest shall be requested. The protester shall be notified in writing of the final decision on the written protest."

Article 2.407–8(a)(6) requires that:

When a protest affects another bidder, a contractor, or any other party having a legitimate interest, the contracting officer normally should give prompt notice of the protest to such parties in order that they may take appropriate action on their own behalf.... Affected parties shall be advised that such a notice of protest in no way relieves them of any obligations, under a contract or otherwise, but is intended primarily to afford them a fair opportunity to be heard by, and to present evidence for the consideration of, the agency which will render a decision in the case.

The regulations further specify the procedure by which the contracting officer resolves the protest:

Every effort shall be made to resolve protests at the installation. It is the responsibility of the contracting officer to decide whether a protest has a valid basis [and] to take appropriate action when possible without referral to NASA Headquarters. Such action may be taken only with the concurrence of local counsel and shall be followed by a written explanation to NASA Headquarters accompanied by a copy of any pertinent correspondence...."

Article 2.407–8(a)(2). When a contracting officer opts to refer a protest to NASA Headquarters, the officer shall submit a completely documented case including "a

statement signed by the contracting officer setting forth his findings, actions, and recommendations in the matter, together with any additional information and evidence considered to be necessary in determining the validity of the protest." Article 2.407–8(a)(3)(vii).

This Court is of the opinion that a review of the NASA Procurement Regulations listed above clearly establishes that a NASA contracting officer exercises quasi-judicial powers when investigating and acting upon a bid protest. Because a NASA contracting officer exercises quasi-judicial powers, the protest against contract award procedure is a quasi-judicial proceeding and any communications published in the course of the proceeding are therefore absolutely privileged. This Court is also of the opinion that the defendant's protest letter substantially complied with the criteria and procedure specified in the NASA Procurement Regulations. Therefore, this Court finds that the allegedly libelous statements contained in the defendant's protest letter to NASA were absolutely privileged under the law of Texas as a communication made in the course of a quasi-judicial proceeding.

Accordingly, it is ORDERED, ADJUDGED and DECREED that defendant's motion to dismiss is GRANTED.