**In the Matter of D.L.K., a Child.**

No. 11–84–271–CV.

Court of Appeals of Texas,
Eastland.

April 11, 1985.

Bob Lindsey, Lindsey & McDurmitt, Abilene, for appellant.

Jorge A. Solis, Criminal Dist. Atty., Abilene, for appellee.

RALEIGH BROWN, Justice.

This is a juvenile case. Appellant was found guilty of engaging in delinquent conduct and was sentenced to the Texas Youth Council until his eighteenth birthday. He appeals. We affirm.

Appellant, D.L.K., a fifteen-year-old male, was seen on a used car lot by two Abilene police officers at 1:50 a.m. on Monday, August 27, 1984. The officers observed him as he attempted to open the locked back door of a Volkswagon van located on the lot. The officers approached appellant and asked him what he was doing. Appellant simply shrugged his shoulders at the officers. He was subsequently charged with engaging in delinquent conduct. More specifically, the petition alleging delinquent conduct charged appellant

with attempted burglary of a motor vehicle under TEX.PENAL CODE ANN. sec. 30.04 (Vernon 1974). The trial court found appellant guilty of criminal trespass, TEX.PENAL CODE ANN. sec. 30.05 (Vernon Supp. 1985), a lesser included offense of attempted burglary.[1] *See Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1975); *Ortiz v. State,* 626 S.W.2d 586 (Tex.App.—Amarillo 1981, pet'n ref'd).

TEX.PENAL CODE ANN. sec. 30.05 (Vernon Supp.1985) provides:

(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

(1) had notice that the entry was forbidden; or

(2) received notice to depart but failed to do so.

(b) For purposes of this section:

(1) "Entry" means the intrusion of the entire body; and

(2) "Notice" means:

(A) oral or written communication by the owner or someone with apparent authority to act for the owner,

(B) fencing or other enclosure obviously designed to exclude intruders or to contain livestock; or

(C) a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden.

In his first ground of error, appellant urges that the evidence was insufficient to establish that he had notice that his entry was forbidden. In reviewing a factual sufficiency question, this Court must consider and weigh all the evidence in the case. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). In a juvenile case, the question is whether the evidence considered as a whole shows that the State sustained its burden of proof beyond a reasonable doubt. *In the Matter of P.A.S.,*

566 S.W.2d 14 (Tex.Civ.App.—Amarillo 1978, no writ).

Max T. Warford, the owner of the used car lot, testified that the lot was totally enclosed by a three-foot high cable; that the two gates on the south and west sides of the lot were locked; that his business was not open at 1:50 a.m.; that no one had permission to enter the van that morning; and that appellant did not have permission to be on the car lot at 1:50 a.m. We hold that the evidence is factually sufficient to establish notice to appellant. This point is overruled.

Appellant's other point of error urges that the trial court erred in failing to explain to him the nature and possible consequences of the proceeding. More specifically, appellant asserts that the trial court erred in not explaining to him that he could be committed to the Texas Youth Council if found guilty of a lesser included offense, relying on *A.E.M. v. State,* 552 S.W.2d 952 (Tex.Civ.App.—San Antonio 1977, no writ).

TEX.FAM.CODE ANN. sec. 54.03(b) (Vernon 1975) provides:

\*  \*  \*  \*  \*  \*

(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

\*  \*  \*  \*  \*  \*

(2) the nature and possible consequences of the proceedings.

\*  \*  \*  \*  \*  \*

The record establishes that the trial judge explained to the appellant the circumstances surrounding the charge against him; the elements of the crime charged; and the various punishments the appellant could receive, from probation to commitment to the Texas Youth Council. In making such explanation, the judge specifically addressed the appellant.

In *A.E.M. v. State,* supra, the trial judge explained "nothing" to the child. The trial

---

**1.** Appellant's prior offenses include burglaries, shoplifting, theft and trespass. He has also run

away either from home or institutions on ten occasions.

court's explanation to the child consisted of:

> The Court: ... You're here with your attorney too, Mr. Georges, who I am sure has explained to you the contents of the State's First Amended Petition that alleges you're guilty of the offense of Aggravated Rape. Have you discussed that charge with the attorney Mr. Georges?
>
> [Appellant]: Yes, sir.
>
> The Court: Has he explained to you what your rights are?
>
> [Appellant]: (Nods in the affirmative).

*A.E.M. v. State*, supra at 955.

The holding of *A.E.M. v. State*, supra, is that the trial judge is required to personally explain to the child the nature of the proceeding and the possible consequences that may result. The other statement of the *A.E.M.* opinion, upon which appellant in the instant case relies, is dictum, with which we disagree.[2] Consequently, we hold that the trial court in the instant case complied with the statutory requirements of the Family Code and the holding in *A.E.M. v. State*, supra. This point is overruled.

Both points have been considered and are overruled. The judgment of the trial court is affirmed.

---

**2.** In dictum, the court suggested that the trial judge should explain to the child every possible lesser included offense and the ramifications of being found guilty of any lesser included offense. We do not agree with such dictum.