790 S.W.2d 102 (1990)
In the Matter of H.R.A., a Juvenile.
No. 09-89-225 CV.
Court of Appeals of Texas, Beaumont.
May 17, 1990.
*103 Susan Ward, Lufkin, for appellant.
John Ross Kay, Asst. County Atty., Lufkin, for State.

OPINION
WALKER, Chief Justice.
This is an appeal from a final judgment of the County Court at Law of Angelina County, Texas sitting as a juvenile court. The trial court granted the State's Original Petition that alleged that appellant engaged in delinquent conduct as a juvenile by having committed the offense of aggravated sexual assault upon a child younger than 14 years of age. Appellant himself was thirteen. The victim was 5 years old. The effect of the trial court's ruling was that appellant was found to be a child in need of rehabilitation and placed on a one year probation. The case was tried before the court, appellant having properly waived his right to a trial by jury. Findings of fact and conclusions of law were filed by the trial court. Appellant lists five points of error upon the part of the trial court. We will consider them in numerical order.
Point of error one alleges that the trial court erred in holding the evidence to be sufficient to support a finding that appellant had engaged in delinquent conduct "based upon a conviction of intentionally and knowingly causing the penetration of the anus of J.R.S. (the victim) by appellant's penis because the State failed to prove penetration." The trial court's "Finding of Fact" number three does indeed state, "That H.R.A. did then and there intentionally and knowingly cause the penetration of the anus of J.R.S., a child, by the penis of H.R.A; ...." In reviewing a factual sufficiency question, this Court must consider and weigh all the evidence in the case. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). In a juvenile case, the question is whether the evidence considered as a whole shows that the State sustained its burden of proof beyond a reasonable doubt. In the Matter of D.L.K., 690 S.W.2d 654 (Tex.App.Eastland 1985, no writ); In the Matter of P.A.S., 566 S.W.2d 14 (Tex.App.Amarillo 1978, no writ). After examining all of the victim's testimony, we feel the following is the key to deciding this point:
Q. (By the State) What room in the house were you in?
A. (Victim) The bathroom; but first in his room.
Q. In his bedroom and then the bathroom?
A. Yes.
Q. Well, can you show us?
A. (indicating)
Q. That's what happened?
A. Yeah.
Q. Did he simply rub his penis on you, or did he go in your body?
A. No, sir.
Q. He didn't go in your body?
A. No.
Q. Did you have all of your clothes off?
A. Yeah.
Q. Did he have all of his clothes off?
A. Yes, sir.
Q. His shirt was off as well as his trousers?
A. Yes, sir.
Q. Did you have your shirt on or off?
A. Off.
Q. So, both of you didn't have any clothing on at all?
A. Uh-huh.
Q. When this took place, were you lying down or standing up?
A. Laying down.

*104 Q. Lying down?
A. Yes.
Q. Did he put his penis inside your bottom or rub it on the outside?
A. Rub it on the outside.
Q. Did it hurt?
A. Uh-huh.
Q. What did you say when he did that?
A. Nothing much. I didn't really say nothing.
Q. Did you say anything when it hurt?
A. No, sir.
Q. But he never put his penis inside you; is that right?
A. Uh-huh.
Q. Did anything funny happen to his tee-tee or penis when this happened?
A. It was getting browner.
Q. Was it harder or softer, if you know?
A. Harder.
The Court: Did he say browner?
Mr. Kay (the State): J., did you say browner?
The Witness: Yes.
We note at the outset two well settled standards of case law. One deals with the concept of "penetration," which is that although penetration must be proved beyond a reasonable doubt, it does not have to be of any particular depth and any penetration, no matter how slight, is sufficient to satisfy the requirement of TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp. 1987). Johnson v. State, 449 S.W.2d 65, 68 (Tex.Crim.App.1969). See Lynch v. State, 150 Tex.Crim. 57, 199 S.W.2d 780 (1938); and Calhoun v. State, 134 Tex.Crim. 423, 115 S.W.2d 965 (1938). The second standard is that in non-jury trials, the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. He is authorized to believe or not to believe any or all testimony of the witnesses for either the State or the defense. Mattias v. State, 731 S.W.2d 936, 939 (Tex.Crim.App.1987). Furthermore, a witness may be believed even though some of his testimony may be contradicted and part of his testimony recorded, accepted, and the rest rejected. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim. App.1986). See, Jackson v. State, 505 S.W.2d 916 (Tex.Crim.App.1974). If evidence exists in the record, we will not sit in judgment upon the weight the trial court chooses to give to such evidence, nor upon the fact that he chooses to accept or reject any part of it. Although the victim testified that appellant did not "go inside [his] body," and that appellant did not put his "penis inside [the victim's] bottom," the victim did testify that appellant's rubbing action "hurt," and that appellant's penis got "browner." As the record reflects that appellant is white, the trial court could rationalize from the victims testimony a painful penetration occurred that caused appellant's penis to be covered with fecal matter after inserting it, however slightly, into the victim's anus. Point of error one is overruled.
Point of error two complains that the trial court erred in failing to grant appellant's "Motion to Dismiss" because the State failed to give appellant notice of the charges against him because the State alleges that appellant's criminal conduct violates a nonexistent penal code section. This point is grounded in the fact that the State's petition cited "Section 22.021(a)(5) of the Texas Penal Code" as the location for the offense of which appellant was being accused. In actuality, the Penal Code was amended in 1987 and, as a result, the paragraphs in sec. 22.021 were re-lettered and re-numbered as well as including substantive changes. Appellant complains that because the State's petition uses the old numbering system and tracks the prior statutory language, appellant was not given notice of the elements of the penal law relied upon by the State in violation of TEX.FAM.CODE ANN. sec. 53.04(d)(1) (Vernon 1985). Section 53.04(d)(1) is set out as follows:
(d) The petition must state:
(1) with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts
Furthermore, the landmark case on juvenile justice, In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), sets out *105 the standard on "notice" requirements. In Gault, the Supreme Court stated:
Notice, to comply with due process requirements, must be given sufficiently in advance of a scheduled court proceeding so that reasonable opportunity to prepare will be afforded, and it must set forth the alleged misconduct with particularity.
Gault, supra at 387 U.S. 33-34, 87 S.Ct. at 1446-47.
Appellant's reliance on Johnson v. State, 401 S.W.2d 298 (Tex.App.Houston 1966, no writ) is totally misplaced. In Johnson, the State's petition attempted to allege criminal conduct by stating, "..., and has also habitually violated the penal ordinances of Huntsville, Walker County, Texas." The appellate court correctly recognized that the petition did not allege which penal ordinance of Huntsville had been habitually violated by the juvenile. The appellate court ruled that the trial court had no jurisdiction to adjudge the juvenile under "such an indefinite global charge." It is clear to us that the appellate court did not mean to mandate that a State's petition lacking the correct number of the Penal Code provision, so long as the wording of the charge itself was alleged with sufficient particularity, divested the trial court of jurisdiction to go forward with the proceeding. We hold in this case that the Penal Code section number, correct or not, was surplusage and had nothing to do with the "notice" requirements set out in sec. 53.04(d)(1) or Gault. See, Huffman v. State, 726 S.W.2d 155, 157 (Tex.Crim.App. 1987); Krupa v. State, 750 S.W.2d 258, 261 (Tex.App.Dallas 1988, pet. ref'd at 775 S.W.2d 644, cert. denied ___ U.S. ___, 110 S.Ct. 329, 107 L.Ed.2d 319); Blevins v. State, 672 S.W.2d 828, 830 (Tex.App.Corpus Christi 1984, no pet.).
With regard to appellant's complaint that the State's petition tracked elements of the repealed statute, thereby also resulting in a "notice" problem, we find no merit. The only difference in the pre-1987 revision of sec. 22.021 and sec. 22.021 as it exists today is that, prior to revision, sec. 22.021 directed the reader to Penal Code sec. 22.011 which defined the offense "Sexual Assault." Section 22.021 merely set out the five ways the offense of "Sexual Assault" became the offense of "Aggravated Sexual Assault." It appears that when sec. 22.021 was revised in 1987, the sec. 22.011 language was moved over to sec. 22.021 so as to circumvent the practice of having to flip back and forth from one section to the other. The only substantive difference we see is that the revised section removed the need for the State to prove that the victim was not the spouse of the actor at the time of the offense. We feel appellant was accorded fairness and due process by the trial court, and that there was no deficiency with regard to "notice" of the charges appellant was to stand trial for. Point of error two is overruled. We now address point of error number four.
Point of error four complains that the evidence is insufficient to prove that appellant "intentionally or knowingly" caused the victim's penis to contact or penetrate appellant's mouth, and evidence is insufficient to prove that the victim did not consent to this act of oral sex. At the outset here, we agree with the State that sec. 22.021 dispenses with the "non-consent" proof requirement in charges of sexual assault on children as well as with the need to prove the victim was not the spouse of the perpetrator. The general rule appears to be that unnecessary words or allegations in an indictment, or other charging instrument, may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of the charging instrument. Huffman, supra at 157; Krupa, supra at 261; Blevins, supra at 830. In the instant case, the victim's consent was not an essential element of the offense of aggravated sexual assault of a child under 14 years of age.
With regard to the intent element, the State was required to prove the appellant acted with some sort of "criminal intent" in order for the trial court to have adjudicated his conduct as delinquent. We must review the evidence in the light most favorable to the verdict, in order to determine if any rational trier of fact could find, *106 beyond a reasonable doubt, that appellant committed either act "intentionally or knowingly." In examining the record, we find the following testimony of the victim on direct examination dispositive of the issue:
Q. Did you ever place your penis in his mouth?
A. Yes, sir.
Q. When your penis was in his mouth, what did he do?
A. He made it go up and down.
Q. Did he suck hard?
A. Yes, sir.
Q. Did these things happen just one time or did they happen more than one time?
A. More than one time.
Q. How many times?
A. Two.
From this line of testimony, there is ample evidence for the trial court to find that the appellant was an active participant, if not the instigator, of the oral sex act committed upon the victim. At any rate, the State was obliged to prove either "intentionally" or "knowingly" upon appellant's part. The victim's testimony certainly proved that appellant "knowingly" committed the oral sex upon the victim. Point of error four is overruled.
Appellant's fifth point of error complains that the trial court erred in "holding circumstantial evidence sufficient to sustain appellant's conviction, when the State failed to call a material witness or explain or account for the absence of such witness." This complaint is grounded in the fact that the State relied entirely on the five year old victim to prove up the elements of the offense other than the date and venue. The State did not call the victim's father who allegedly discovered the victim hiding under the appellant's bed in a state of undress. Appellant classifies all of the evidence heard by the trial court as "weak" and "circumstantial." We disagree. Eyewitness testimony by a victim is not circumstantial evidence. As for the fact that the eye witness-victim is only five years old, appellate courts have rejected contentions of untruthfulness and incredibility from similarly situated child sexual assault victims. Hohn v. State, 538 S.W.2d 619, 621 (Tex.Crim.App.1976); Rhodes v. State, 624 S.W.2d 770, 771 (Tex.App. Houston [14th Dist.] 1981, no pet.). Furthermore, the case of King v. State, 396 S.W.2d 409 (Tex.Crim.App.1965), relied upon by appellant, was overruled as to its "sufficiency of the evidence" standard in Chambers v. State, 711 S.W.2d 240, 245 (Tex.Crim.App.1986). Appellant's Point of error five is overruled.
We chose to address point of error three as the final point. This point of error complains that the trial court lacked jurisdiction to hear the case against appellant or render adjudication and disposition orders because appellant was not personally served with process. A summons was sent by certified mail to appellant in care of his mother to their residence. The summons was signed for by appellant's mother on July 27, 1989. It directed appellant and his mother to appear in court on August 8, 1989. Another summons was issued to appellant in a similar fashion on August 11, 1989 for an August 23, 1989 court date. Appellant alleges that this method of service was not proper as appellant was not "personally" served with the summonses. We agree that appellant and a parent or guardian were required to be issued summonses for court appearances. TEX.FAM. CODE ANN. sec. 53.07(a) (Vernon 1986), provides, in pertinent part:
(a) If a person to be served with a summons is in this state and can be found, the summons shall be served upon him personally at least two days before the day of the adjudication hearing. If he is in this state and cannot be found, but his address is known or can with reasonable diligence be ascertained, the summons may be served on him by mailing a copy by registered or certified mail, return receipt requested, at least five days before the day of the hearing....
The record is silent as to whether or not appellant or his mother were in the state and could be found prior to service of the first summons. It appears that once the appellant and his mother appeared at the *107 August 8, 1989 hearing, the State could have presumed that the address was correct and any subsequent service could have been accomplished in person. Interesting to note is the fact that TEX.R.CIV.P. 21a and 106(a) permit service to be carried out either in person or by registered mail without any prerequisites. Appellant admits in his brief that both he and his mother as well as his court-appointed attorney were present at both the August 8, 1989 and August 23, 1989 hearings. Furthermore, each summons was received by appellant and his mother well within the five day requirement set out in sec. 53.07 for mailing of a summons. We cannot see how, in this particular instance, the appellant was denied due process or the preparation and presentation of his defense was prejudiced by the way service of summons was accomplished upon him and his mother. However, it appears from the overwhelming Texas Supreme Court case law dealing with the requirement of juveniles being personally served with the summons as required by the TEX.FAM.CODE ANN. sec. 53.06 and sec. 53.07 that the trial court lacked jurisdiction over the juvenile. Two Texas Supreme Court cases handed down the same day provide us with the rule. In the Matter of W.L.C., 562 S.W.2d 454 (Tex. 1978) states:
Section 53.06(a) of the Family Code specifically provides that in a juvenile proceeding, the juvenile named in the petition shall be served with summons.
Furthermore, In the Matter of D.W.M., 562 S.W.2d 851 (Tex.1978) states:
Citation may be waived by all of the parties to the proceedings with the exception of the juvenile. Section 53.06(e) states in clear and unambiguous terms that "[a] party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing." (emphasis added). This language reflects the common law rule that a minor is without legal capacity under the law to waive service of summons, Sprague v. Haines, 68 Tex. 215, 4 S.W. 371 (1887); DeProy v. Prograkis, 269 S.W. 78 (Tex.Comm'n App. 1925, holding approved); Morris v. Drescher, 123 S.W.2d 958 (Tex.Civ.App. Waco 1938, writ ref'd); nor can anyone waive it for him. Wright v. Jones, 52 S.W.2d 247 (Tex.Comm'n App.1932, holding approved); Casanova v. State, 489 S.W.2d 727 (Tex.Civ.App.San Antonio 1972), rev'd per curiam, 494 S.W.2d 812 (Tex.1973). We hold that a juvenile must be served with summons and that it must affirmatively appear of record.
In the instant case, the return receipt "green card" is addressed, "H.R.A.," c/o [appellant's mother] and a post office box address is then listed. The "green card" is signed by [appellant's mother]. This is all that affirmatively appears of record. There was no showing by the State that the child could not be found in order to justify serving him by certified mail as permitted by sec. 53.07. The fact that the child, his mother, and his attorney all appeared for all hearings and no "harm" was shown nor alleged does not seem to be of any consequence. The same situation occurred in In the Matter of D.W.M. case cited above, and there none of the parties objected to the fact that no summons had been served on D.W.M. The trial court found, and the court of appeals affirmed the fact that the juvenile had waived the requirement that a summons be served upon him. The Supreme Court reversed stating such a holding constituted error as the Supreme Court interpreted sec. 53.06(e) that a juvenile cannot waive service of summons.
It appears from these cases that no matter how the juvenile became aware of the date and time of the court proceeding against him, and no matter that he showed up with parents and counsel, if the record does not affirmatively reflect that the juvenile was served with summons, and we would add, including an explanation as to why service by certified mail was proper instead of personal service, the trial court lacked jurisdiction to consider the issues before it.
With regard to point of error number three, we hold that without service of summons upon the minor named in the State's petition, in strict conformity with TEX. FAM.CODE ANN. sec. 53.07, the trial *108 court did not have jurisdiction to proceed upon said petition and this case is hereby reversed and remanded to the trial court.
REVERSED and REMANDED.