Lupe LEDESMA as next friend
for Sandra LEDESMA, a
minor, Plaintiff,

v.

DILLARD DEPARTMENT STORES,
INC., Defendant.

Civ. A. No. 7–92–079–K.

United States District Court,
N.D. Texas,
Wichita Falls Division.

April 15, 1993.

Kenneth Johnson, Johnson & Associates, P.C., Wichita Falls, TX, for plaintiff.

H. Dustin Fillmore, Fillmore Law Firm, Fort Worth, TX, for defendant.

## ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS

BELEW, District Judge.

Now before the Court is Defendant ("DILLARDS") Second Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) filed March 3, 1993. After due consideration, the Court is of the opinion that DILLARDS' motion should be GRANTED as to those remaining claims which were previously unaddressed due to allowing Plaintiff the opportunity to replead.

### Legal Standard for Ruling on 12(b)(6) Motions

The test used to determine the sufficiency of the complaint was set out in the leading case of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957), in which the Supreme Court stated that

> "in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

The Court is to examine a Complaint to determine if the allegations provide for relief on any possible theory. *Doss v. South Central Bell Telephone Co.*, 834 F.2d 421, 424 (5th Cir.1987). However, the notice pleading of the Federal Rules of Civil Procedure require the Complaint to include the operative facts upon which a plaintiff bases her claim. *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir.1985). Although the plaintiff need only set out a generalized statement of facts there must still be sufficient information to outline the elements of the pleader's claim. *Kadar Corp. v. Milbury*, 549 F.2d 230, 233 (1st Cir.1977). If a Complaint omits facts concerning pivotal elements of the pleaders' claim, the court is justified in assuming the nonexistence of such facts. *O'Brien v. DiGrazia*, 544 F.2d 543, 546 note 3 (1st Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). In this vein, the Court examines the theories alleged in the Plaintiff's Amended Complaint to see if Plaintiff wholly failed to plead facts which would support pivotal elements of each theory of recovery.

After comparing the Amended Complaint with the Original Complaint, the Court finds no new factual basis to sustain its claims; only new legal conclusions. The principal facts are largely undisputed. They are as follows:

### FACTS

On or about March 19, 1991, Plaintiff SANDRA LEDESMA ("LEDESMA") was detained by Defendant Dillards' security

forces as a shoplifting suspect. At the time of the arrest, LEDESMA was 16 years old and was notified by DILLARDS' personnel to never come in the store again. (Plaintiff's Amended Complaint, paragraph III, page 2)

On September 3, 1991, LEDESMA entered DILLARDS in spite of being warned not to do so, was recognized by DILLARDS' personnel and was reported to the appropriate authorities. Shortly thereafter, LEDESMA was arrested and charged with criminal trespass under § 30.05 of the Texas Penal Code. The Criminal Trespass charge was ultimately dismissed. The remaining theories of recovery are False Arrest, Malicious Prosecution, Outrageous Conduct, and Abuse of Process. Each of these theories is contingent on whether the facts pled in Plaintiff's Amended Complaint establish an apparent violation of Texas Penal Code § 30.05.

The Court concludes that Texas Penal Code § 8.07(b) does not apply to the instant case since LEDESMA was 17 when she entered DILLARDS' store despite her previous warning not to do so. Moreover, even if LEDESMA was under 17, she would still be prosecuted under Texas law. *Matter of D.L.K.*, 690 S.W.2d 654 (Tex.App.—Eastland 1985, no writ). The Court further concludes that six month old notice is not too remote to be considered effective notice under § 30.05 and that Plaintiff's contention that LEDESMA had a "right of access" to DILLARDS' private property by virtue of the stores doors that open onto a parking lot is without merit.

## I. The Intentional Infliction of Emotional Distress Claim

■ To state a claim for intentional infliction of severe emotional distress, Plaintiff must plead facts which, if proven, would support that DILLARDS engaged in conduct that was extreme and outrageous. *LaCoure v. LaCoure*, 820 S.W.2d 228, 233 (Tex.App.—El Paso 1991, writ denied). LEDESMA alleges that DILLARDS' conduct was not extreme or outrageous as a matter of law. (Plaintiff's Amended Complaint) "Outrageous conduct" is defined as conduct which goes beyond all possible bounds of decency, [which would] be regarded as atrocious, and utterly intolerable in a civilized community. *Boyles v. Kerr* (Tex.1992), 36 Tex.S.Ct.J. 231, 236 (Dec.1992). Since DILLARDS had a cogni-

zable right to exclude Plaintiff from its property and had a duty and right to report her apparent trespass pursuant to Texas Penal Code § 30.05, DILLARDS' reporting apparent criminal activity hardly constitutes "outrageous conduct." Therefore, Plaintiff has failed to state a claim of Intentional Infliction of Emotional Distress upon which relief can be granted.

## II. The False Arrest/Imprisonment Claim

■ To state a claim for false arrest/imprisonment, Plaintiff must plead facts which, if proven, would support, inter alia, that DILLARDS detained the Plaintiff without authority of law. *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374 (Tex.1985). Plaintiff has specifically plead facts which establish that she was detained with the authority of law. Plaintiff only pleads a conclusory allegation and unsupported deduction of fact when she alleges that "Said arrest and detention was made willfully without justification or authority of law...." Such conclusory allegations are not to be taken as true by the Court; only specific facts. *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974). Also, the facts that are plead establish an apparent trespass pursuant to Texas Penal Code § 30.05 and, thus, DILLARDS' had a corresponding duty or right to report the apparent trespass to the police as a matter of law. *Rains v. Mercantile Nat. Bank of Dallas*, 599 S.W.2d 121, 123 (Tex.App.—Dallas 1980, writ ref'd n.r.e.).

Accordingly, Plaintiff has failed to state a claim of false arrest/imprisonment pursuant to Fed.R.Civ.P. 12(b)(6).

## III. The Malicious Prosecution Claim

To state a claim for malicious prosecution, Plaintiff must plead facts which, if proven, would support, inter alia, (1) that DILLARDS acted with malice and without probable cause, and (2) that DILLARDS caused a prosecution which terminated in acquittal. *Fisher v. Beach*, 671 S.W.2d 63, 66 (Tex. App.—Dallas 1984, no writ). The Court finds that Plaintiff has not plead facts which support this claim.

## A. Malice

█ "Malice" is defined as ill will, evil motive, or reckless disregard of the rights of others. *Lloyd v. Myers*, 586 S.W.2d 222 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). Plaintiff alleges only a legal conclusion that "defendant acted ... with malice" and no other fact alleged supports an inference or deduction of malice. Since the Court cannot consider conclusory allegations, the Court finds that Plaintiff has not shown "malice" in this instance.

## B. Probable Cause

█ Plaintiff has failed to plead facts that show that DILLARDS acted without probable cause. DILLARDS acted without probable cause if, from the facts known to DILLARDS at the time it reported LEDESMA to the police, DILLARDS had no reasonable grounds to believe and did not believe LEDESMA to be guilty of the trespass. *Fisher v. Beach*, 671 S.W.2d 63, 66 (Tex.App.—Dallas, 1984, no writ).

█ The question of probable cause does not depend on the guilt or innocence of Plaintiff, and acquittal is not evidence of lack of probable cause. *Id.; Parker v. Dallas Hunting & Fishing Club*, 463 S.W.2d 496, 500 (Tex.App.—Dallas, 1971, no writ). LEDESMA's allegation that "defendant acted without probable cause...." is conclusory and is not taken as true by this Court. Moreover, such a claim cannot be reasonably or logically inferred from the facts plead in Plaintiff's Amended Complaint.

In addition, the facts plead in the Amended Complaint are in direct contradiction to LEDESMA's allegation that "defendant acted without probable cause...." since the facts pled establish an apparent violation of Texas Penal Code § 30.05, i.e., DILLARDS had probable cause to report her apparent trespass.

## C. Caused a prosecution which terminated in acquittal

To state a claim for malicious prosecution, Plaintiff must plead facts that show, among other things, that Defendant DILLARDS caused a prosecution which terminated in acquittal. *McHenry v. Tom Thumb Page Drug Stores*, 696 S.W.2d 664, 665 (Tex.App. 5

Dist.1985, writ dism'd). The Court finds that Plaintiff has not done so.

█ For a criminal prosecution to end in an acquittal, and jeopardy to attach, there must be a resolution, correct or not, of some or all of the factual elements of the offense charged. *Ex Parte Stephens*, 753 S.W.2d 208, 211 (Tex.App.—Dallas 1988), *aff'd*, 806 S.W.2d 812 (Tex.Cr.App.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991). Dismissal, in the instant case, is not tantamount to acquittal because (a) there has been no resolution of any of the factual elements of Plaintiff's trespass charge and (b) jeopardy has not attached and, therefore, she is still subject to prosecution for trespass. *Ex Parte Stephens*, 753 S.W.2d at 211; Texas Code of Criminal Procedure Art. 12.02. Therefore, LEDESMA's allegation that "the plaintiff was finally discharged from prosecution" constitutes an erroneous conclusion of law and Plaintiff has failed to state a claim for malicious prosecution.

## IV. Abuse of Process Claim

█ To state a claim for abuse of process when valid and regular process has duly and properly issued, Plaintiff must plead facts which if proven, would support, inter alia, that (1) DILLARDS made an illegal, improper or perverted use of process, a use neither warranted nor authorized by the process, and (2) that DILLARDS had an ulterior motive or purpose in exercising such illegal, perverted or improper use of process. *Futerfas v. Park Towers*, 707 S.W.2d 149, 160 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). The Court finds that LEDESMA has done neither.

## A. Illegal, improper or perverted use of process

█ LEDESMA failed to plead facts which show DILLARDS made an illegal, improper or perverted use of process. Plaintiff LEDESMA merely alleges in conclusory fashion that "the instigation of this prosecution was a ... misuse or misapplication of regularly issued criminal process ..." and also that "the instigation of this prosecution was a malicious misuse or misapplication of regularly issued criminal process ..."

These allegations are insufficient as a matter of law. An action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by law, *J.C. Penney Co. v. Gilford*, 422 S.W.2d 25 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.).

Additionally, Plaintiff's allegation that "the instigation of this prosecution was a ... misuse or misapplication of regularly issued criminal process ..." is contrary to the facts plead in her Amended Complaint which ostensibly violated Texas Penal Code § 30.05. Clearly, reporting a suspected criminal act is not only a valid use of process intended by law, it is the duty of responsible citizens. *Wal–Mart Stores, Inc. v. Medina*, 814 S.W.2d 71, 73 (Tex.App.—Corpus Christi 1991, error denied).

**B. Ulterior motive or purpose**

LEDESMA failed to claim or plead facts, which show that DILLARDS had an ulterior motive or purpose in reporting Plaintiff's apparent trespass to the police. Therefore, the Court is of the opinion that Defendant has failed to state a claim of Abuse of Process for which relief can be granted.

The Court concludes that LEDESMA plead facts with sufficient detail to establish that she cannot prevail, i.e., LEDESMA plead herself out of court. *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir.1985).

It is, therefore, ORDERED that all of Plaintiff's remaining claims are DISMISSED and Defendant's Second Motion to Dismiss is granted in its entirety.

It is further ORDERED that the Clerk of Court will close this case.

IT IS SO ORDERED.