**Joseph Charles MATTA, Plaintiff,**

v.

**S. Beville MAY, Wanderlon Ann Barnes, John M. Doyle, Associated Press, and The Hearst Corporation d/b/a The Houston Chronicle Publishing Co., Defendants.**

**Civ. A. No. H–93–2769.**

United States District Court, S.D. Texas, Houston Division.

March 31, 1995.

Matt Evan Rubin, Williams Birnberg & Andersen, Houston, TX, for Joseph Charles Matta.

S. Jack Balagia, Jr., McGinnis Lochridge & Kilgore, Houston, TX, for S. Beville May.

Mary L. Sinderson, Houston, TX, for Wanderlon Ann Barnes.

David H. Donaldson, George Donaldson & Ford, Austin, TX, for John M. Doyle, Associated Press.

William Wesley Ogden, Jr., Ogden Gibson & White, Houston, TX, for Hearst Corp.

## MEMORANDUM OPINION

HOYT, District Judge.

This is a defamation suit brought against the Hearst Corporation d/b/a The Houston Chronicle Publishing Co., the Associated Press ("AP"), John M. Doyle, a writer with the AP, S. Beville May, an attorney and her client.[1] Before the Court are the defendants', AP, John M. Doyle and The Houston Chronicle Publishing Company, motions for summary judgment and the defendant's, S. Beville May, motion to dismiss and for judgment on the pleadings. Also pending is the plaintiff's, Joseph Charles Matta, objections and FRCP 56(f) motion for additional discovery to respond to the motions for summary judgment of the defendants AP and Doyle. The Court having considered the motions, the pleadings on file, and the applicable law, is of the opinion that the plaintiff's motion shall be denied and that the defendants' motions shall be granted.

## FACTUAL BACKGROUND

In 1991, Joseph Charles Matta served as the Assistant Regional Administrator of the Houston Branch Office of the United States Securities Exchange Commission. As the attorney in charge of the SEC's Houston Branch Office, he had supervisory and over-site responsibilities including the responsibility for initiating suits or claims on behalf of the United States of America. Wanderlon Ann Barnes was one of several attorneys

---

1. Joseph Charles Matta was a defendant in Cause No. H–92–0898. When the United States of America substituted in as the defendant in the case, Matta was dismissed. In the meantime, Matta brought a suit in state court against all defendants except Wanderlon Ann Barnes, the plaintiff in Cause No. H–92–0898. When the case was removed to federal Court, Matta joined Barnes as a defendant in an effort to defeat diversity jurisdiction.

whom Matta supervised in the Houston Branch Office.

On August 27, 1991, Barnes, through her attorney, May, filed a complaint against Matta with the SEC's Equal Employment Opportunity Office alleging sexual harassment, discrimination, and assault. Several days later, on September 6, 1991, an SEC official, Gary Fendler, issued a press release to the reporters in the SEC's pressroom, including John Doyle, an AP newsman. The press release stated that Matta was placed on indefinite leave due to allegations that "former and current managers in the Houston office raped and sexually assaulted female employees." The release explained that the SEC was suspending Matta because of "the severity of the accusations and Matta's supervisory role." Matta contends that after the press release, May repeated Barnes' claims to the media, particularly the accusations of sexual misconduct by him.

After the press release, Fendler was available for questions about the incident. Doyle was present during this time and continued to gather information about the incident. When Doyle wrote about the incident, his report was transmitted to the AP's New York and Washington, D.C. Bureau Offices. Doyle's transmission stated:

> The head of the Houston office of the Securities and Exchange Commission was suspended with pay Friday following allegations by a woman employee that he raped and sexually assaulted other female workers.
>
> Joseph C. Matta, the Houston office manager, has not been charged with any wrongdoing by law enforcement officials, an SEC spokesman said.

Approximately four months later, the SEC issued a second press release entitled "SEC completed investigation and finds allegations of sexual misconduct involving Houston office unfounded: Reinstates suspended Matta." Thus, the SEC had cleared Matta of any charges levelled against him. A spokesman was quoted as saying, "In this case vicious allegations were made against Mr. Matta, without the complainant [Barnes] or her attorney [May] providing one single shred of support for their charges. It is time to try to repair the damage to Mr. Matta and his professional career." Doyle filed a follow-up story reflecting that Matta had been exonerated of all charges.

Because motions for summary judgment and motions to dismiss require separate and distinct pleadings and legal analysis, the claims will be addressed in turn. Additionally, no reference is necessary to the claims against the Hearst Corporation because, as a matter of factual and legal consequence, the plaintiff's claims against the Hearst Corporation mirror those against the AP.

## CONTENTIONS OF THE PARTIES

The AP, Doyle and the Hearst Corporation move for summary judgment pursuant to FRCP 56(c) on the plaintiff's defamation claim contending that: (1) they did not publish the news stories with actual malice; (2) the news stories are privileged; and (3) the news stories are substantially true. They also move to dismiss the false light invasion of privacy claim because it is not a recognized cause of action under Texas law.

May moves to dismiss and for judgment on the pleadings pursuant to FRCP 12(b)6 and 12(c), respectively, because she contends that as Barnes' attorney, she is privileged to publish defamatory statements in communications before, during and as part of a judicial or quasi-judicial proceeding if it relates to the pending proceeding. She contends that her statements related to the EEOO proceeding and, therefore, Matta cannot successfully maintain a suit based on claims of defamation and false light.

## DISCUSSION AND AUTHORITY

*I. AP's, Doyle's and the Hearst Corporation's Summary Judgment Motions:*

■ The AP, Doyle and the Hearst Corporation rely upon Rule 56(e) of the FRCP as a basis for relief from the plaintiff's suit. In his objection and motion for additional discovery to respond to the defendants' motions, Matta contends that he should have additional time to conduct discovery and, therefore, consideration by the Court of the defendants' motion is premature. The Court disagrees. The plaintiff initiated this lawsuit and now claims that he needs more time to conduct

discovery concerning the very claims that he asserts. The plaintiff's suit should have a basis grounded in both fact and law before it is filed. After two years, additional time to conduct discovery would not be productive because the legal issues are well settled. Accordingly, the Court will examine the arguments and responses set forth in the pending motions.

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted if after reviewing the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, the court concludes that there is no genuine issue of material fact and that the moving party is entitled to a judgment, as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After viewing the evidence in a light most favorable to the non-movant, summary judgment is appropriate if the court concludes that a reasonable fact-finder could not return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The Court turns to the AP's, Doyle's and the Hearst Corporation's motions for summary judgment on the plaintiff's defamation claim. Simply stated, Matta contends that the story, published by the AP and the Hearst Corporation and written by Doyle, accusing Matta of rape and sexual assault constitutes defamation. As a matter of law, this contention fails. *See New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

■ In *New York Times v. Sullivan,* the Supreme Court held that the First Amendment limits the reach of defamation actions brought by "public officials." Thus, whether Matta may maintain a viable cause of action for defamation turns, in large measures, on whether Matta's duties and role brings him within the definition of a public official. A public official is prohibited from recovering damages for a defamatory falsehood relating to his official conduct[2] unless he proves that the statement was made with *"actual malice—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." Id.* at 279–80, 84 S.Ct. at 726 (emphasis supplied) Moreover, the proof of actual malice must be by *"clear and convincing"* evidence. *Duffy v. Leading Edge Products, Inc.,* 44 F.3d 308 (5th Cir.1995).

■ Matta was referred to at the SEC as the "assistant regional administrator" of its Houston Branch Office. In its press release, the SEC referred to Matta as the head of the Houston office. Obviously, his position with a significant government agency is a position subject to public scrutiny and carries with it a significant amount of authority. Moreover, the fact that the SEC placed Matta on leave and held a press conference supports Matta's public official status. Accordingly, the Court holds that Matta is a public official.

■ Because Matta is a public official, the Court must apply the actual malice standard. Under the actual malice standard, a determinative factor is whether the defendant entertained serious doubts as to the truth of the communication, or actually believed the defamatory statement to be true. *Duffy,* 44 F.3d at 313.[3] Applying this standard to the facts of this case, the record evinces the absence of actual malice on the part of the AP, Doyle and the Hearst Corporation. Doyle's report was based on the SEC's press release. Nothing in the press release apprised Doyle or the AP of the potential falsity of the statements. To the contrary, the evidence shows that Doyle related to the wire service, in substance, the same information provided in the press release.

**2.** In Cause No. H–92–0898, *Wanderlon Ann Barnes v. Richard C. Breeden, et al.,* Joseph C. Matta was dismissed as a defendant because the SEC contended that his acts were official acts and worthy of qualified immunity. The Court entered orders in compliance with the agreement and the style of the case was changed omitting Matta as a defendant.

**3.** See also *Halbert v. City of Sherman, Texas,* 33 F.3d 526, 530 (5th Cir.1994) (falsity of allegedly discriminatory statement is by itself insufficient to show actual malice).

The Court finds persuasive the fact that Doyle and the AP issued a follow-up press release stating that Matta had been cleared of all charges. This served to dispel any arguable confusion and demonstrates a lack of actual malice. Accordingly, the AP's, Doyle's and the Hearst Corporation's motions for summary judgment on the plaintiff's defamation claim are granted.

■ The Court holds that the defendants' motions for summary judgment on the plaintiff's claim for false light invasion of privacy are sound. The defendants correctly contend that Texas law does not recognize such a claim. In *Cain v. Hearst Corporation d/b/a The Houston Chronicle Co.*, 878 S.W.2d 577 (Tex.1994), the Texas Supreme Court, on certified question from the Fifth Circuit, held that Texas does not recognize a tort of false light invasion of privacy. Accordingly, the Court grants the defendants' motion on this claim.

## II. May's Motion To Dismiss

Next, the Court examines May's motion to dismiss and for judgment on the pleadings. May contends that Matta's defamation claim fails because her statement(s) are accorded an absolute privilege, therefore, dismissal of Matta's claims pursuant to FRCP 12(b)(6) and 12(c) is appropriate.

■ A motion to dismiss pursuant to FRCP 12(b)(6) may be granted by the court only if it appears that the plaintiff would not be entitled to relief under any set of facts that could be proven consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir.1985). The court must accept the allegations in the plaintiff's pleading as true and consider the motion to dismiss only on the pleading. *O'Quinn*, 773 F.2d at 608. In so doing, the Court examines a complaint to determine if the allegations provide for relief on any possible theory. *Doss v. South Central Bell Telephone Co.*, 834 F.2d 421, 424 (5th Cir. 1987). The notice pleadings requirement of the Federal Rules of Civil Procedure require the complaint to include the operative facts upon which the plaintiff bases his or her claim. *Ledesma for Ledesma v. Dillard Dept. Stores, Inc.*, 818 F.Supp. 983, 984 (N.D.Tex.1993). Although the plaintiff need only set out a generalized statement of facts, there must still be sufficient information to outline the elements of the pleader's claim. *Id.* at 984. If a complaint omits facts concerning pivotal elements of the pleader's claim, the court is justified in assuming the nonexistence of such facts. *Id.* at 984.

■ A motion for judgment on the pleadings brought pursuant to FRCP 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings as well as any judicially noticed facts. *Hebert Abstract v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir.1990).

■ In an action for defamation, absolute privilege is a complete defense. *Astro Resources Corp. v. Ionics, Inc.*, 577 F.Supp. 446, 447 (S.D.1983). Therefore, even if a statement is defamatory, no action will lie if the circumstance accords the statement absolute privilege. *Id.* at 447. Texas law provides that *"an attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding."* *Russell v. Clark*, 620 S.W.2d 865, 868–70 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e). (emphasis supplied)

■ Clearly, May's statements, asserting sexual misconduct by Matta, relate to Barnes' complaint filed with the SEC claiming sexual harassment, discrimination, and assault. A proceeding before the SEC's EEO Committee is quasi-judicial in nature. Thus, the Court holds that May's statements are afforded an absolute privilege. More importantly, and as a matter of fact, it was the SEC, not May, that first related Barnes' charges to the public. Accordingly, the Court dismisses the plaintiff's defamation claim lodged against May.

Lastly, May moves to dismiss the plaintiff's false light claim. As previously stated, a false light claim is not a recognized claim in Texas, therefore, the Court grants May's motion to dismiss this claim.

It is ORDERED that the plaintiff's objection and FRCP 56(f) motion for additional discovery to respond to the defendants' motions for summary judgment and to dismiss is Denied.

It is further ORDERED that the AP's, Doyle's and the Hearst Corporation's motions for summary judgment and May's motion to dismiss and for judgment on the pleadings are Granted.

No separate or independent basis exist for the continuation of this lawsuit against Wanderlon Ann Barnes. It is ORDERED, *sua sponte* that the claims against Barnes be and they are hereby Dismissed.